## H. E. BARBER ET AL. v. J. V. HUTCHINS, ASSIGNEE.

(Case No. 5484.)

1. ASSIGNEE—CREDITORS—DAMAGES—EVIDENCE—PRACTICE—An assignee brought suit for damages for the seizure and sale of the assigned goods, by a creditor of his assignors, under attachment. It was shown that over two months elapsed between the seizure and sale, and there was evidence tending to show that the goods were much damaged during the interval. No issue was made by the pleadings as to whether notice had been given to creditors to establish their claims, or as to whether such claims had been established, but more time than would be requisite for those purposes had elapsed before the trial. *Held:*

(1) Evidence was not admissible to show what the goods brought at the sheriff's sale.

(2) It was not necessary for the plaintiff to make proof that claims of creditors had been established.

(3) The right of the plaintiff to recover was fixed by the facts existing at the time the action was brought.

(4) The legal title to the entire estate vested in the assignee. For a violation of the right growing out of this, an action lay, and if any creditor had an equitable claim or legal right against the assigned property, which he sought to assert otherwise than as the statute contemplates, he would have to plead and prove the facts on which such claim or right was founded.

(5) It cannot be presumed that an assignee under the statute holds simply as a trustee for the benefit of his assignor, and that he and the estate may be treated as though no other relation existed.

2. EVIDENCE—See statement of facts for evidence held admissible.

3. COUNSEL—IMPROPER LANGUAGE—Improper language used by counsel on the trial is no ground for reversal, unless there is reason to believe that it influenced the jury.

APPEAL from Hays. Tried below before the Hon. H. Teichmueller.

Appellee, plaintiff below, claiming as the assignee of P. R. Turner & Co., a mercantile firm composed of P. R. Turner, W. B. Moore and J. E. Peters, and of the several members of the firm, by virtue of a certain deed of asssignment, executed on July 4, 1883, instituted a suit in the district court August 25, 1883, against appellants, defendants below, to recover the sum of $10,000, as damages for an alleged seizure by H. E. Barber, sheriff of Hays county, on July 5, 1883, of certain goods, wares and merchandise alleged to have been then the property of and in the possession of Hutchins by virtue of the deed of assignment.

The sureties of the sheriff were joined in the suit as co-defendants by the usual allegations, as also the firm of Leon & H. Blum, and the individual members thereof. Judgment was prayed against Barber, sheriff, and the firm of Leon & H. Blum and the members thereof, for damages in the sum of $10,000, the alleged value of the goods, and against the sureties of the sheriff, J. D. Meader, Curran Kyle, Ferg Kyle and W. H. Steele, for the sum of $5,000, being the amount of the sheriff's official bond.

Appellants joining in their answer, excepted generally and specially
to the petition and pleaded:

1. General denial and "not guilty."

2. Special denial of any property in the goods as against the appel
lants, or any rightful possession thereof as against appellants.

3. That appellants, Leon & H. Blum, were, at the date of assign-
ment, and at date of levy of attachment, writ creditors of the firm of
P. R. Turner & Co.; that the title and possession of the assignee,
Hutchins, was by virtue of a pretended deed of assignment of the firm
of P. R. Turner & Co., and the members thereof, and of a pretended
bond of the assignee executed under the act of the legislature of the
state of Texas, approved March 24, 1879; that suit was instituted by
Leon & H. Blum on July 5, 1883, in the district court of Hays county
against the firm of P. R. Turner & Co., upon the indebtedness; that
affidavit and bond for attachment were given, and that on March 5 a
writ of attachment was issued; that the writ was levied on the goods
by the sheriff; that the goods were, by the sheriff, on September 17,
1883, sold under an order of the court at public outcry, and the pro-
ceeds of the sale duly deposited with the district clerk; that the goods
were sold for the sum of $2,500, and that the writ and order of the sale
were duly returned.

That on September 21, 1883, judgment was recovered in the attach-
ment suit against the defendants therein for plaintiff's claim, and for
foreclosure of lien and application of proceeds of sale to the judgment,
and that such proceeds were insufficient to cover the judgment; that
Leon & H. Blum had in no way consented to accept the terms of the
assignment; that the terms of the assignment were in contraven-
tion of the terms of the statute, and it was null and void; that the
deed of assignment was given and made with specific intent on the
part of P. R. Turner & Co. to hinder, delay and defraud their credit-
ors, and that the assignee had notice thereof.

J. V. Hutchins, witness for the plaintiff, testified: "I consider the
goods levied upon worth, at the time of the levy, $5,087.89. Have been
a merchant about twelve years. I know of no other basis upon which
to determine the value of a stock of goods, except by comparison with
first cost prices. The basis of my estimate of the value of the goods is
upon the original cost in whatever market purchased. That the goods
in question were worth, at the time of the levy, seventy cents on the
dollar of their original cost, which, as shown by the schedule in my
hand, was $7,268.42, and that seventy per cent. of that amount is
$5,087.89. This schedule was made by Hugh Williamson and Mr. Street,
clerks of Turner & Co., at my procurement, as I thought the sheriff

was valuing the goods too low.  I do not know of my own knowledge that this schedule is correct, nor that the cost prices are correctly stated therein.  My estimate is made upon the schedule, without regard to the date or place of purchase, or the length of time the goods had been on hand, or whether purchased for cash or on credit.''

Hugh Williamson, witness for plaintiff, testified that he was in the employment of Turner & Co. at the time of the assignment, and put the cost marks of the goods on the schedule; that he took most of the cost marks from tags on the goods and the rest from memory.

P. R. Turner, witness for plaintiff, testified that most of the goods were purchased in the spring of 1883; that there was not over $500 worth of old stock in the house, and the goods when seized were worth their cost value.

*Fisher & Rose, Hutchison & Franklin* and *Scott & Levi*, for appellants, on damages, cited:  Blum *v.* Merchant, 58 Tex., 404;  Tucker *v.* Hamlin, 60 Tex., 174;  Abbott's Trial Ev., 307, 309;  W. & W. Cond. Civ. Cases, sec. 1147.

On evidence, they cited:  Wood's Mayne on Damages, sec. 500;  Tex. Law Rev., vol. 5, No. 13.

On improper language of counsel, they cited:  Willis & Bro. *v.* McNeil, 57 Tex., 465;  Railway Company *v.* Jarrell, 60 Tex., 267.

On notice and acceptance, they cited:  General Laws 1879, p. 58, secs. 4, 5, 7;  Allen *v.* Willis, 60 Tex., 157;  Levin on Trusts, 181, 182.

*Hancock & Shelley* and *A. J. Peeler*, for appellee, on measure of damages, cited:  Tucker *v.* Hamlin, 60 Tex., 171;  Block *v.* Sweeney, 63 Tex., 420;  Miller *v* Jannett, 63 Tex., 82.

On acceptance, they cited:  Nave *v.* Britton, 61 Tex., 572.

STAYTON, ASSOCIATE JUSTICE.—This action was brought to recover the value of a part of the same stock of goods which passed to the appellee, as assignee, under an assignment made by P. R. Turner & Co., which has been considered at the present term in the case of Schoolher, Bernstein & Co. *v.* Hutchins, assignee.

The facts bearing on the validity of the assignment, the right of the appellee to maintain this action, and upon the measure of damages, are identical in the two cases, except that the bond of the assignee was executed, approved and filed before the goods were seized under the attachment sued out by L. & H. Blum, which is made the basis of this action.

The first, second, third, seventh, eighth and tenth assignments of

error present the same questions which were considered in the case before referred to, and it is, therefore, unnecessary to repeat in this opinion the reasons which induce us to hold that these assignments present no error.

There was no error in the ruling of the court which excluded the evidence offered to show what the goods which were seized subsequently brought when sold by the sheriff. The goods were seized on July 5, 1883, and were not sold until September 17, following, and there was evidence tending to show that during this interval, by reason of the negligent manner in which the goods were taken care of, they depreciated in value to the extent of thirty or forty per cent. When sold, the goods were bought by L. & H. Blum, for $2,500, and they at once sold them for $2,600 to Hutchins, who stated that he would have paid $3,500 for them. Such evidence would have been misleading.

There was no issue made by the pleadings, as to whether the notice to creditors to present their claims had been given, nor as to whether creditors had established their claims, as required by the statute, and, therefore, no proof made upon these subjects; but, as more time than would be requisite for those purposes, if statutory diligence was used, had elapsed before the trial, the following charge was asked:

"In this case, plaintiff sues as the assignee of P. R. Turner & Co., and as the assignee of P. R. Turner, W. B. Moore and J. E. Peters, under a deed of assignment executed July 4, 1883, for the benefit of such of the creditors of said firm and individuals as should accept said assignment. Under the law, the time within which the creditors could accept the assignment, had long since expired, and there is no evidence in this case showing that any of the creditors of the assignors have ever accepted the assignment. In the absence of such acceptance by any of such creditors, the plaintiff herein becomes a trustee of the firm; and individuals, considered as such, cannot recover in this action against defendants, and the jury are, therefore, instructed that plaintiff cannot recover in this cause, and that a verdict should be returned for defendants."

We are of the opinion that it was not necessary for the plaintiff to make proof that claims had been established in an action in which the assignee was but asserting his right to the fund to which the assignment gave him the legal title; for, as against him, a trespasser, even though he be a creditor of the assignor, and entitled, upon compliance with the requirements of the law, to take under the assignment, cannot be heard to assert a claim or right to appropriate the trust property to his own use. The right of the plaintiff to recover was fixed by the facts existing at the time the action was brought, and so tested, there can be

no question as to his right to recover without proof that a single creditor had presented and established his claim as the statute requires.

The law provides how such creditors, as do not consent to take under an assignment, may reach such funds as may remain in the hands of the assignee, after the purposes of the trust have been carried out by him, so far as they can be, and if this manner be not exclusive, it certainly would be necessary for a creditor, who claims the right to take from the assignee any part of the trust fund otherwise than through its regular administration under the statute, to plead and prove the facts which may authorize him to take or hold any part of the trust estate.

The legal title to the entire estate vested in the assignee. For a violation of the right growing out of this an action lies, and if any creditor has an equitable claim or legal right against the assigned property, which he seeks to assert otherwise than as the statute contemplates, he must plead and prove the facts on which such claim or right is founded. It cannot be presumed that an assignee, who takes under an assignment made under the statute, holds simply as a trustee for the benefit of an assignor, or assignors, and that he and the estate he so holds may be treated as though no other relation existed. The testimony of the witness, Hutchins, standing alone, would not have been proper evidence of the value of the goods at the time of seizure, but, taken in connection with that of the witnesses Williamson and Turner, was admissible, and might be looked to to ascertain the value of the goods.

The entire evidence shows, with all reasonable certainty, that the goods were worth, when seized, fully as much as the estimate put upon them by the jury. Language used by counsel for plaintiff in argument was improper, but there is no reason to believe, looking to the whole case, that it influenced the jury, for the verdict seems to us not excessive, and, under the facts not controverted, the plaintiff was entitled to a judgment.

There is no error in the judgment and it will be affirmed.

                                                      AFFIRMED.

[Opinion delivered May 25, 1886.]