E. J. HART & CO. v. A. BLUM.

No. 2659.

1. **Assignment at Common Law.**—A transfer by a druggist of his stock to one of his ·creditors in consideration of his claim, the merchandise to be cashed and the proceeds, after satisfying the creditor taking the conveyance and costs of converting into cash, to be distributed pro rata among other named creditors, who also are described as creditors of a firm of which the maker had been a member, and who had assumed its debts, is not a mortgage, but an assignment, the validity of which must be tested by the common law.

2. **Variance.**—Such instrument was relevant to the allegation that the property affected by it "had been assigned, transferred, conveyed, and delivered," etc.

3. **Findings of Court.**—Where an instrument is set out in the findings of the court, it is no objection to the findings that such instrument was improperly designated by the court. See facts.

4. **Sale of Share of Partnership.**—Austin and Fisher were partners in the drug business. Austin bought out Fisher, assuming the indebtedness of the firm. He borrowed from Blum the money used in paying Fisher. Subsequently he assigned the stock as above to Blum to pay his claim, and the residue to be divided among the creditors of the firm. *Held:*

1. That a creditor of the firm could not by attachment proceedings interfere with Blum's interest under the assignment.

2. Blum by the assignment took the entire interest of the late firm in the goods.

5. **Sheriff Sale.**—At a sale by the sheriff of goods seized under attachment a party claiming the goods adversely to the sheriff had the right at the sale to give notice of his intent to sue for damages for the seizure of the goods. That such announcement affected the bidding was no wrong.

6. **Measure of Damages—Value.**—Goods were wrongfully attached and sold; the owner bought at the attachment sale. *Held*, that his right to damages was fixed upon the seizure of the goods, and he was not limited in the recovery to the price the goods realized at the sale, even where he had become the purchaser.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*W. B. Lockhart,* for appellants. —1. The instrument being a deed of trust or mortgage, and the grantor remaining in possession, was void as against the creditors of the grantor, because it was not properly recorded. Brothers v. Mundell, 60 Texas, 240; 2 Sayles' Civ. Stats., art 3190b, secs. 1, 2; Watterman v. Silberberg, 67 Texas, 100, 105; Bank v. Lovenberg, 63 Texas, 506; Jackson v. Harby, 65 Texas, 710; Scott v. McDaniel, 67 Texas, 315; Overstreet v. Manning, 67 Texas, 658.

2. The allegata and probata must correspond. Mims v. Mitchell, 1 Texas, 443.

3. The proof showed that the assignment from Austin to Blum was a conveyance in trust or chattel mortgage, and that Austin continued thereafter in possession of the goods so conveyed. Bank v. Lovenberg, 63 Texas, 506; Watterman v. Silberberg, 67 Texas, 100.

4. The said instrument being a conveyance in trust or chattel mort-

gage, and the grantor therein having remained in possession of the goods conveyed, interposed no obstacle to E. J. Hart & Co.'s attachment. Sayles' Civ. Stats., art. 2296, note 2; Erwin v. Blanks, 60 Texas, 587; Robinson v. Veal, 1 Ct. App. C. C., sec. 311; Gammage v. Silliman, 2 Ct. App. C. C., sec. 14; Jackson v. Harby, 65 Texas, 710; Baldwin v. Peet, 22 Texas, 708.

. 5.    The court erred in not finding as conclusion of law that said Blum is estopped from maintaining this suit because of his said fraudulent conduct at said attachment sale.    Rorer on Jud. Sales, sec. 545, note 1, and authorities; Coffey v. Coffey, 16 Ill., 141; Benj. on Sales, sec. 536; Jones on Chat. Mort., sec. 470; Merritt v. Niles, 25 Ill., 282; Freem. on Ex., sec. 297.

6.    The court erred in not finding as conclusion of law that plaintiff Blum can not maintain this suit, because the evidence showed that by the assignment, under which he claimed the goods sued for, he took the interest only of W. L. Austin in the property assigned, and the interest of said Austin in said goods was only what might remain after the payment of the debts of the firm of Austin & Fisher.    Still v. Focke & Wilkins, 66 Texas, 720; Bank v. Railway, 11 Wall, 624; Lind. on Part., *339, 340.

*Labatt & Noble,* for appellee, cited Lewy v. Fischl, 65 Texas, 312; Ellis v. Valentine, 65 Texas, 533; Allen v. Carpenter, 66 Texas, 138; Edwards v. Dickson, 66 Texas, 613; Watterman v. Silberberg, 67 Texas, 100; Smith v. Whitfield, 67 Texas, 124; Scott v. McDaniel, 67 Texas, 315; Johnson v. Robinson, 68 Texas, 399; Elser v. Graber, 69 Texas, 222; Brown v. Lessing, 70 Texas, 544; Hamburg v. Wood, 66 Texas, 169; Boaz v. Schneider, 69 Texas, 128; Schoolher v. Hutchins, 66 Texas, 324.

HOBBY, Judge.—It appears from the record in this case that on the 10th day of October, 1887, W. L. Austin, of the firm of Austin & Fisher, executed to the appellee, A. Blum, an instrument in writing, conveying to said Blum a stock of goods, wares, and merchandise which constituted the drug and medicine store of said Austin in the city of Galveston.    The consideration recited in the instrument was an indebtedness due Blum of about $1650.    It conveyed the property to appellee, "first, to pay himself the said sum of $1650, and all necessary expenses," etc., incurred in converting the stock, etc., into cash, the surplus, after the payments, to be divided pro rata between "several named creditors," among them the appellants, "to whom," the conveyance also recited, "I am indebted in various sums of money upon their several indebtedness against the late firm of Austin & Fisher, of which I was a copartner, and for which indebtedness I am liable, and assumed the payment thereof."

Appellants, to whom the firm of Austin & Fisher were indebted for goods sold in the sum of $1146.54, sued out a writ of attachment from the District Court of Galveston County, caused the same to be levied on the property so conveyed to Blum, which was by order of the court sold, and at which sale the appellee Blum became the purchaser for the sum of $790.

This suit, after said seizure and sale, was brought by the appellee Blum against Hart & Co. and the sheriff and his sureties, for the value of the goods so seized and sold. The cause was tried by the court without the intervention of a jury, on November 22, 1888, and judgment was rendered in favor of the appellee Blum for the sum of $1523.19, the value of the goods so attached, against the appellants, said sheriff, and his sureties.

There are several assignments of error discussed at length in appellants' brief, but the view we take of the case will dispense with the necessity for considering each error assigned, and we will confine ourselves to the questions we believe to be decisive of the rights of the parties. These involve, first, the construction of the instrument under which the appellee Blum claims title to the property conveyed to him by Austin; and second, whether, under the facts of this case, he can recover from the appellants the value of the goods attached by them.

It is claimed under the assignment first presented that the court erred in admitting in evidence the instrument of October 10, 1887, conveying the property to appellee, because, if offered as a mortgage, it was not properly recorded, and if offered as an absolute sale, it was at variance with the allegations of the petition.

It appears from the certificate of record attached to the instrument that it was recorded at length in the record of deeds, book 65, page 284, in Galveston County.

In so far as the objections are predicated upon the claim that the instrument is a chattel mortgage and should therefore not have been recorded at length, and that its record in a book for the registry of deeds is not such evidence of a deposit and filing as is required by the statute with respect to chattel mortgages, it is only necessary to say that the instrument under consideration is not, in our opinion, a chattel mortgage.

Discussing a conveyance which, in its essential features, was identical with the present instrument, and which it was earnestly contended was a mortgage, our Supreme Court construed it to be an assignment. Not, however, within the scope of the statute, but an assignment the validity of which must be tested by the principles of the common law. Johnson v. Robinson, 68 Texas, 399.

The instrument before us, as in the case cited, was not intended as a security for debt, providing simply a lien on the property and leaving an equity of redemption in Austin, the mortgagor, which are the characteristics of a mortgage with us. By its terms Austin would have no power

to cancel or defeat this instrument by a payment or discharge of the debts therein mentioned, which he would have in the case of a mortgage. All the interest and title owned by Austin in the property are by the terms of the conveyance vested in the assignee Blum, and such disposition is directed to be made of the property as is not merely inconsistent with the exercise of any further control over it by Austin, but it is placed entirely beyond his control by an absolute transfer to appellee, to be sold and the proceeds to be appropriated to the payment of the creditors therein named.

We do not think the court erred in admitting the instrument in evidence. Nor do we think there is any variance between it and the allegations descriptive of it. These are that "the property had been assigned, transferred, and conveyed, and delivered to this plaintiff by one W. L. Austin, then the owner, on the 10th day of October, 1887, in trust to sell and dispose of the same," etc. The instrument objected to corresponded with these averments.

The third assignment is that "The court erred in the fifth paragraph of its conclusions of fact in finding, under the pleadings and evidence, that the assignment from Austin to Blum was an actual sale and not a conveyance in trust. The finding referred to is that "Austin, on the 10th day of October, 1887, sold to Blum the drug store," etc. It is only necessary to say in reply to this that if the use of the term "sold" was incorrect as applied to the conveyance from Austin to Blum, the instrument itself was set out in full and made a part of the finding.

The fourth error assigned is to the effect that the seventh and ninth paragraphs of the conclusions of fact found that Austin put Blum in actual possession of the property, and that he remained in possession until dispossessed by the seizure under the attachment of appellants. The testimony of Austin and Blum fully authorized this conclusion of fact found by the court.

The eleventh assignment is that "The court erred in not finding as conclusion of law that the assignment of said W. L. Austin to said A. Blum, of date October 10, 1887, interposed no obstacle to defendants E. J. Hart & Co.'s attachment, because the evidence showed that the property assigned, as to defendants E. J. Hart & Co., was partnership property of the firm of Austin & Fisher, who were debtors of said Hart & Co."

The property was not partnership property at the time of the assignment by Austin to Blum, but belonged to the former, who purchased the interest of Fisher with the $1500 advanced and loaned to him by Blum. The assignment being a conveyance in trust to Blum for certain purposes, that is, the payment of creditors therein named, and the grantee being in possession under its terms, as the court found from the evidence, the trust or purpose for which it was executed could not be defeated by Hart

& Co. through a seizure of the entire trust fund in satisfaction of their debt.

As said in Schoolher v. Hutchins, 66 Texas, 331, "the vestiture of title in the assignee through the trust deed, and his possession under it, would give him the right to maintain this action against any person seeking illegally to divert the fund, or any part of it, from the purpose contemplated by the law and by the deed of assignment. The fact that the illegal conversion was in the interest of or instigated by a creditor of the assignor, and that it may have been consummated by an illegal use of the process of the court, can not change the rule."

If any facts existed which authorized the appellants to seize and appropriate the entire property in the assignee's possession to the satisfaction of their claim, they should have alleged and established them by proof.    Barber v. Hutchins, 66 Texas, 323.

The assignment being a valid assignment, no creditor could by process of attachment seize the assigned property, or any part of it, and take it out of the assignee's hands and apply it to his debt.    Moody & Co. v. Carroll, 71 Texas, 148.

It is claimed that there was error in not finding that the conveyance was fraudulently made, and that Blum had notice of that fact.    Upon this issue the testimony was conflicting.    There is evidence in support of the finding of the court, and we can not say that the conclusion complained of was error.

The appellants insist that the court erred in not finding that Blum was estopped from maintaining this suit by reason of his fraudulent conduct at the sale.    The court found in substance that at the opening of the sale appellee, through his attorney, claimed to own the goods, and in consequence of this notice one E. J. Biering, who had come prepared to bid $1200 for the property, did not bid.    There was evidence to the effect that appellee gave notice that he would hold the sheriff and his sureties and the parties who had attached the property liable at law.

If appellants were liable to appellee for the seizure, and it seems from the evidence and the finding of the court in this cause that they were, then appellee certainly had the right to give the notice referred to.    He is not shown to have done anything at the sale not authorized by law. There is no evidence that anything was said by him which he had no legal right to say that stifled competition among bidders.    If Blum can recover from appellants the value of the goods, he had the right to give the notice at the sale that the goods belonged to him, and that he would sue for their value.

The tenth assignment is that the court erred in not finding as a conclusion of law that plaintiff Blum can not maintain this suit, because the evidence showed that by his assignment, under which he claimed the goods, he took only the interest of W. L. Austin in the property, and

that interest was only what might remain after the payment of the debts of the firm of Austin & Fisher, of which firm Hart & Co. were creditors.

The evidence does not show that by the assignment from Austin to appellee the latter took the interest only of Austin, after the payment of the firm debts of Austin & Fisher. On the contrary, it appears from the terms of the conveyance to appellee that it conveyed Austin's entire interest, unencumbered by any lien, in favor of firm creditors, and that the title to the property had been in Austin since the sale to him by Fisher in August, 1887. The assignment shows upon its face that Austin assumed to pay first the debt of $1500 due appellee. There were no reservations in the sale made by Fisher to Austin, alleged by the appellants or shown by the evidence.

It was not alleged in any of the special pleas set up by the defendants that there was any agreement, contract, or understanding between Fisher and Austin at the time of the sale of the interest of Fisher in the partnership property to Austin that the latter was to hold the property in trust for the payment of the firm debts. A mere agreement generally to pay the firm debts will not engraft a trust of this character upon the conveyance.

It is contended by appellants that "if Blum was in possession of the goods, with full title, before attachment levy by appellants, the court erred in giving judgment for plaintiff for more than he paid for the goods at the sale, because the evidence showed that plaintiff bought at the sale, and the goods were delivered to him, and no other damage was shown than the wrongful taking of said goods."

In the case Schoolher v. Hutchins, *supra*, it was said "that the assignee may have bought a part of the goods which the defendants caused to be seized and sold by the sheriff under the order of the court, can not affect either his right to recover or the measure of damages. His rights in these respects were fixed when the property was taken from his possession, and the defendants can not be heard to assert that their liability or its measure can be made to depend on what subsequently occurred."

We think the judgment should be affirmed.

*Affirmed.*

Adopted February 4, 1890.