### PAUL VON STEIN v. L. A. TREXLER.

#### No. 95.

1. **Record of Abstract of Judgment.** — Revised Statutes, article 3158, which provides how abstracts of judgment shall be recorded and indexed, was substantially complied with by placing the name of defendant in the judgment in alphabetical order on the index, with the name of the plaintiff after it, and the number of page where recorded, though there be nothing to indicate which was plaintiff and which was defendant, and no abbreviation for "against" or "versus."

2. **Judgment Lien, Priority of over Unrecorded Deed.** — A judgment lien takes precedence over a prior unrecorded deed of the judgment debtor of which the plaintiff in the judgment had no notice, either actual or constructive.

3. **Assignment for Benefit of Creditors—Judgment Lien.**—Where a debtor makes an assignment for the benefit of his creditors, a creditor, especially one who takes under the assignment, can not by obtaining judgment against the debtor fix a lien upon land and subject it to sale under execution thereon, which the debtor had conveyed by an unrecorded deed before the assignment, retaining a vendor's lien to secure purchase money, which was subsequently paid to the assignee—he releasing the land; the debtor's deed to the assignee being recorded before the filing and recording of the abstract of judgment.

APPEAL from Bexar. Tried below before Hon. G. H. NOONAN.

*George C. Altgelt*, for appellant.—Paul von Stein's sheriff's deed under Sam Maverick, acquired under F. E. Grothaus' judgment lien, is superior to the unrecorded conveyance from Sam Maverick to J. W. McCreary and J. T. Massey, under which Trexler claims title. Ponton v. Ballard, 24 Texas, 619; Mainwaring v. Templeman, 51 Texas, 213; Townsend v. Little, 109 U. S., 511; Webb on Rec. of Title, sec. 233, et seq.; Tied. on Real Prop., sec. 819; Sedg. & W. on Trial of Title to Land, sec. 723a.

*Joseph Ryan* and *Crenshaw & Bell*, for appellee.—1. The record of the abstract of the judgment was not properly indexed, and no lien existed. Sayles' Civ. Stats., art. 3158; Miller v. Koertze, 70 Texas, 162; Nye v. Moody, 70 Texas, 434; Nye v. Gibble, 70 Texas, 458; Gin Co. v. Oliver, 78 Texas, 183; Pierce v. Wimberley, 78 Texas, 187; Anthony v. Taylor, 68 Texas, 405; Manf. Co. v. Early, 28 N. W. Rep., 458; 1 Black on Judg., 405.

2. Maverick having made a general assignment for the benefit of his creditors long before Grothaus recovered his judgment, every conceivable interest he had in the property passed to the assignee, and was not subject to levy or judgment lien. Sayles' Civ. Stats., arts. 65a, et seq., 359; Farley v. McAllister, 39 Texas, 603; Blankenship v. Douglas, 26 Texas, 226; Nave v. Britton, 61 Texas, 572; Keating v. Vaughn, 61 Texas, 522; Windham v. Patty, 62 Texas, 493; Jamison v. Halbert, 47 Texas, 181; Baker v. Morton, 12 Wall., 150; 1 Black on Judg., secs. 420, 446.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to two lots of land in the city of San Antonio.

We conclude that the following facts are established by the record:

1. That Sam Maverick was common source of title.

2. That on March 6, 1891, F. E. Grothaus recovered a judgment for $305 against Sam Maverick.

3. That an abstract of this judgment was properly registered by the county clerk of Bexar County on March 9, 1891, and execution was issued on August 5, 1891, and levied on the two lots in controversy, to-wit, lots 7 and 8 in block number 2, and the same were duly sold by the sheriff of said county, after proper notice, and were bought by appellant, and deed properly executed by the said sheriff was delivered to appellant, and the same was duly recorded.

4. That Sam Maverick, on June 17, 1890, by general warranty deed with vendor's lien reserved, conveyed lot number 8, in block 2, being one of the same sold under execution as aforesaid, to J. W. McCrary, the consideration being $25 cash and a note for $275 and payable on or before June 17, 1892, with 10 per cent interest; and that on same date, June 17, 1890, said Maverick conveyed to J. T. Massey lot number 7, the other lot in controversy, for $25 cash and a note for $325 due on or before June 17, 1893, with interest at 10 per cent per annum; a vendor's lien being reserved in the warranty deed to secure the unpaid purchase money.

5. That neither of the two said last deeds, although both were duly acknowledged on day of execution, were recorded until June 26, 1891, when both were duly recorded.

6. That on June 22, 1891, J. W. McCrary properly and duly conveyed by warranty deed said lot number 8 to appellee, and on same day J. T. Massey made a warranty deed conveying to appellee said lot number 7, said two lots being those in controversy; and both of these deeds were recorded on June 26, 1891.

7. On December 26, 1890, Sam Maverick made a general deed of assignment for the benefit of all of his creditors to Reagan Houston; that said Houston qualified as assignee on same day, and on same day, to-wit, December 26, 1890, the deed of assignment was filed for record in the clerk's office of Bexar County, and that the assignment was of an insolvent estate.

8. That F. E. Grothaus had no notice, actual or constructive, of the conveyances made by Maverick to Massey and McCrary until the deeds were filed for record on June 26, 1891.

9. That F. E. Grothaus filed his verified claim against Maverick with the assignee, Houston, and accepted under the assignment, and received his first installment of 10 per cent of his claim from the assignee on July 18, 1891, and that the assignment is still pending.

10. That on June 26, 1891, said Reagan Houston, assignee of Sam Maverick, executed, acknowledged, and delivered to appellee releases of the vendor's lien retained by Maverick, reciting in the releases full payment of the purchase money by appellee, and on same day said releases were filed for record in the county clerk's office of Bexar County.

11. That the judgment of F. E. Grothaus against Sam Maverick was

properly abstracted, recorded, and indexed in the proper book by the county clerk of said county.

12. That Massey and McCrary fenced the lots in controversy, but they were never actually occupied by any one, and there has not been a house on them.

13. That the vendor's lien notes given by Massey and McCrary to Sam Maverick were paid by appellee, and the estate of Sam Maverick, which was insolvent, got the full benefit of the payment.

*Conclusions of Law.*—The lien given by the law to a judgment creditor is a statutory one, and there must be a substantial compliance with the requirements of the statute in order to obtain the benefits of the law and cause the lien to attach. The proper indexing of the book in which the abstracts of judgments are recorded is as essential under our statutes and decisions as the abstract of the judgment itself, and our courts have been very strict in requiring a substantial compliance with the statute on this point. Gullett Gin Co. v. Oliver & Griggs, 78 Texas, 183; Pierce v. Wimberly, 78 Texas, 187; Bonner v. Grigsby, 84 Texas, 330; Evans v. Frisbie, 84 Texas, 341.

The statute, article 3158, says: "The index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded." The statute was substantially complied with in this case, and under other circumstances would have fixed a lien on the property in controversy. It is true that the name of Maverick comes first in the index, and there is no designation of which is plaintiff and which defendant, and neither is there any letter indicating the word "against" or "versus" after either name, the names being simply inserted as follows: "Maverick, Sam — F. E. Grothaus, p. 40." From the excerpt taken from the index we see that the above copy was taken from among the "M's," where it belonged alphabetically. It is defendants generally against whom judgments are pending, and it is defendants' names that we generally wish to find by resorting to the alphabetical list. It would entail a vast amount of labor and greatly impair the usefulness of an index if the names of the plaintiffs alone and not of the defendants were arranged alphabetically. The law does not require a cross-index. Maverick was the name that any one interested in this abstract of judgment would have desired to see, and this name is placed in its proper alphabetical position. The law does not require that the words "plaintiff" and "defendant" shall be placed in the index, but simply the names of each plaintiff and each defendant, and the number of the page on which the abstract is recorded. The statute has been complied with in this case.

There was no such actual, visible, and open possession of the lots in

controversy by McCrary and Massey as to put Grothaus upon notice of their claim to the land. They fenced the land and put some lumber on it, but no one ever lived on it; and these acts were not inconsistent with the continuing ownership of Maverick, and was not notice that he had parted with the title to the lots. In Texas a judgment lien would attach in spite of an unrecorded deed, unless there was notice, actual or constructive, of it brought home, in some manner, to the judgment creditor. That has not been done in this case. Blankenship v. Douglass, 26 Texas, 228; McKeen v. Sultenfuss, 61 Texas, 325; Grace v. Wade, 45 Texas, 532.

On December 26, 1890, Maverick made a deed of assignment to all his property, real and personal, to Reagan Houston as assignee, and at the time that the judgment of Grothaus was abstracted, registered, and indexed, the legal title to all Maverick's property was in the assignee. It is true that this property was held in trust; but as long as the claims of the creditors were unsatisfied he could hold the property, with the absolute power of disposition of all of it that was necessary to settle the debts due by Maverick. The judgment lien of Grothaus could only attach to the interest that Maverick had in the land sold to Massey and McCrary, and the title to the land would, so far as the lien is concerned, be held to be in him. But all the interest of Maverick in the land had been transferred by him to Reagan Houston long before any lien could have attached. If his estate had been solvent after the payment of all the debts, the lien would doubtless have attached to all the real property that remained; but it is shown in this case that the estate was insolvent, and therefore there could be no doubt that the legal title absolutely vested in the assignee, subject to the purposes of the trust. The facts clearly show an outstanding title in the assignee, and he has by the releases given by him transferred his title to appellee. Keating v. Vaughn, 61 Texas, 518; Shropshire v. Behrens & Castles, 77 Texas, 275; Barber v. Hutchins, 66 Texas, 319.

When the deed of assignment was executed, the title to all the property of the assignor passed to the assignee for the purpose of the trust, and the power to fix a lien upon it by any creditor ceased at that moment. Schoolher v. Hutchins, 66 Texas, 324. Therefore, at the time that the abstract of judgment was filed, the title to the property was in the assignee, and no lien could be placed upon it in any manner by appellant.

A very anomalous state of affairs is presented in this case, as it seems that at the same time that Grothaus had the land sold under his execution and supposed lien, he had actually accepted under the assignment and received his proportion of a dividend declared by the assignee. We hardly think appellant was in a position to sell this property belonging to the assignee, and at the same time appropriate a part of the money that was being paid into the assignment by appellee to clear his title to the land. The testimony shows that the notes to the land had been placed

in the hands of T. C. Frost, but that did not alter the fact that the legal title to the land remained in Maverick until he parted with his title to Reagan Houston for the benefit of his creditors, and Houston receipted for the purchase money paid by appellee, and conveyed to him his title, and the assignment got the benefit of the money. At the time of the execution sale, the deeds to Massey and McCrary from Maverick, their deeds to appellee, and the releases of Reagan Houston, were duly recorded, and the appellant had full notice that the title to the lots had vested in appellee.

The fact that the land had been conveyed by Maverick to Massey and McCrary can in no conceivable manner alter the fact that Maverick had sold all his property to Houston, and that this deed of assignment was properly acknowledged and recorded long before Grothaus had obtained his judgment, and he was affected with full notice of this transfer at the time that the abstract was filed and recorded.

If Maverick had not sold the property to Massey and McCrary, what would have been the status of affairs when Grothaus attempted to fix a judgment lien on the land in controversy? The title to the lots would have been vested in the assignee, and any attempt to fix the judgment lien upon it would have been futile, and of no effect whatever. The fact that he had sold the land, reserving a vendor's lien, does not alter the proposition, for all title Maverick had went to Houston, assignee, and there was nothing left upon which to fix a lien. If the lien was fixed by registration of the judgment on the property in controversy, it attached also to all the other property of Maverick that had been sold by him to Reagan Houston for the benefit of creditors. Such a position will hardly be seriously contended for, and yet it is fully as reasonable as that the title to the property sued for was still in Maverick, and that the land was subject to be held by a judgment lien and sold under execution.

The judgment should be and is affirmed.

*Affirmed.*