April 7, 2009

The Honorable Elizabeth Murray-Kolb
Guadalupe County Attorney
101 East Court Street, Suite 104
Seguin, Texas 78155-5779

Opinion No. GA-0702

Re: Indexing certain real-property instruments under chapter 193 of the Local Government Code (RQ-0728-GA)

Dear Ms. Murray-Kolb:

You ask how a county clerk should index real-property instruments that have been accepted for filing and recording in accordance with Property Code section 12.0011(b)(2), which authorizes a county clerk to file and record certain instruments concerning real property that the clerk has received in a nonelectronic form.[1] *See* TEX. PROP. CODE ANN. § 12.0011(b)(2) (Vernon Supp. 2008). Section 12.0011 does not address indexing these recorded instruments.

In a county that does not maintain records on microfilm, instruments may be indexed in two ways.[2] Under the first method, a county clerk may divide the instruments into seven classes, one of which encompasses instruments "relating to real property, known as 'Official Public Records of Real Property.'" TEX. LOC. GOV'T CODE ANN. §§ 193.002(a), .008(a), (b)(1) (Vernon 2008); *see also id.* § 193.008(d) (authorizing consolidation into a single class). Instruments so classified and recorded "must be alphabetically indexed and cross-indexed in the indexes to that official public record *under the names of the parties identified in the instrument.*" *Id.* § 193.009(a) (emphasis added); *see also id.* § 193.002(b) (providing for indexing as required by sections 193.009, 193.010, and 193.011). Alternatively, a county clerk may forgo classifying instruments as provided above and index real-property related instruments in a "cross-index that *contains the names of the grantors and grantees* in alphabetical order." *Id.* § 193.003(b) (emphasis added).[3]

Under Property Code section 12.0011(b)(2), a paper document concerning real property may be recorded or "serve as notice of the" document if it "is attached *as an exhibit to a paper affidavit*

---

[1]*See* Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]Your office indicates that Guadalupe County does not maintain records on microfilm. Telephone Conversations with Robert E. Etlinger, Assistant Guadalupe County Attorney (Sept. 12 & Dec. 17, 2008).

[3]The statute also makes provisions for indexing a deed made by a sheriff, an executor, an administrator, a guardian, an attorney, a commissioner, or a trustee. *See* TEX. LOC. GOV'T CODE ANN. § 193.003(b) (Vernon 2008).

*or other document* that has an original signature or signatures that are acknowledged, sworn to with a proper jurat, or proved according to law." TEX. PROP. CODE ANN. § 12.0011(b)(2) (Vernon Supp. 2008) (emphasis added). You provide as examples two instruments—each a type of "affidavit or other document" referenced in section 12.0011(b)—submitted for recording pursuant to this statute. *See* Request Letter (Exhibits 2 & 3). These instruments correct or amend deeds of trust and are executed by a title company or servicing-bank representative instead of the grantor and grantees under the deeds of trust that they purportedly amend or correct, which deeds may or may not be attached as exhibits. *See id.* In your view, unless these and similar instruments are indexed under the names of the original grantor and grantee rather than "only . . . the name of the sign[e]r of the document containing an original signature," "the actual Grantor(s) or Grantee(s) may be totally unaware that some type of" instrument relating to their real property has been filed and recorded. Request Letter at 2. Moreover, you express concern that an instrument indexed under the name of the signer "would . . . never show up when searching the indexes under the names of the original Grantor(s) or Grantee(s)." *Id.*

Local Government Code sections 193.002, 193.003, and 193.009 do not expressly address indexing of the particular types of instruments about which you ask, and we find no other provision that does so. In the absence of legislative direction, we believe a county clerk has the discretion to index such instruments in a manner consistent with the purposes of the indexing statutes and within the constraints of the existing statutory framework for the following reasons. First, sections 193.002, 193.003, and 193.009 do not prohibit a clerk from indexing instruments under names in addition to those specified by the particular statute or under the most appropriate index heading. *Cf. Murray v. Cadle Co.*, 257 S.W.3d 291, 297 (Tex. App.—Dallas 2008, pet. denied) (construing Property Code section 52.004(b), which requires a county clerk to index abstracts of judgment by the names of the plaintiff and the defendant, to neither "mandate, or prohibit, particular headings for the alphabetical index to the real property records"). Second, a primary purpose of indexing statutes is to give notice of instruments that may affect title to the subject real property. *See* TEX. GOV'T CODE ANN. § 311.023(1) (Vernon 2005) (authorizing a court, in construing a statute, to consider the "object sought to be attained"); *cf. Wilson v. Dvorak*, 228 S.W.3d 228, 234–35 (Tex. App.—San Antonio 2007, pet. denied) (articulating the primary purpose of statutes requiring indexing of abstracts of judgment). Discretion to index the Property Code section 12.0011(b)(2) instruments under additional names and the most appropriate heading, when necessary, promotes this purpose and an index's usefulness. *Cf. Von Stein v. Trexler*, 23 S.W. 1047, 1049 (Tex. Civ. App.—San Antonio 1893, no writ) (suggesting that abstracts of judgment should be indexed by the defendant land owner's name; to list only the plaintiff would "greatly impair" the index's usefulness). Thus, for instance, the types of section 12.0011(b)(2) instruments about which you inquire could be indexed under the name of the signer—as a grantor or as a party identified in the instrument—*and* under the names of the original grantor and grantee.

## S U M M A R Y

In the absence of legislative direction, a county clerk has discretion to index an instrument accepted for filing and recording under Property Code section 12.0011(b)(2) in a manner consistent with the purposes of the indexing statutes and within the constraints of the statutory framework set out in Local Government Code chapter 193.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee