## HAMPTON v. DEAN AND ANOTHER.

It is not error to submit to the jury an issue upon a plea of former judgment, nor to admit evidence to identify the judgment and the note upon which it was rendered.

Where the issue was on a plea of former judgment before a justice of the peace, and the justice was called to identify the note on which the former judgment was had, with the note sued on, and further testified, without objection, that "there was a credit upon the note when it was placed in his hands for suit:" *Held,* That the testimony of the justice would seem to warrant the court in permitting the indorsement of the credit to be read and commented on in argument to the jury, although it had not been formally introduced in evidence before the testimony was closed.

It is within the discretion of the court, if the justice of the case seem to require it, and if it would operate no surprise or prejudice to the opposite party, to permit evidence to be given even after the argument has commenced; the other party being permitted to introduce any explanatory or rebutting evidence which he might offer.

A payment upon a note, in the absence of proof of an intention to make a different application of it, must be first applied to an extinguishment of the interest.

It is error to give a hypothetical charge to the jury, where there is no evidence conducing to prove the facts upon which it is predicated.

Where suit is brought by the holder of a note for an amount larger than $100, and the defendant pleads the judgment of a justice of the peace on the same note, in a suit between the defendant and a former holder it lies upon the defendant to prove, *aliunde* the record of the justice, paying sufficient to reduce the note to an amount within the jurisdiction of the justice. (Note 97.)

A note originally for more than $100 is not within the jurisdiction of a justice unless the payments indorsed upon it, after extinguishing all the interest due at the time of making the payments, reduce the principal to $100 or under.

Appeal from Upshur. The appellant brought suit against the appellees upon a promissory note set out in the petition as follows:

"MONTGOMERY, *January* 20, 1844.

"$100.10 On or before the first day of January next we or either of us promise to pay Franklin Armstrong or bearer one hundred dollars and ten cents for value received. JARROT DEAN.
A. MOSELEY."

The answer embraced a plea of a former judgment rendered by a justice of the peace upon the same cause of action between one E. F. Ginnis, the then owner and holder of the note now sued on, as plaintiff, and these defendants.

To this plea the plaintiff excepted, but his exceptions were overruled.

The plaintiff read in evidence the face of the note sued on. The defendants then proved by the justice of the peace the record of the former judgment, as follows: "Note in the sum of one hundred dollars. The defendant appeared and introduced evidence to the full payment of said note. It is therefore considered that a judgment be rendered against the plaintiff for the costs of suit;" to the admission of which in evidence the plaintiff objected, but his objections were overruled. The defendants further proved by the justice that the note sued on was the same upon which the judgment was rendered by him. They also proved certain indorsements upon the note made by the justice corresponding with his judgment. There was testimony conducing to show the title of Ginnis to the note when sued on before the justice. The justice also testified that there was a credit upon the note when it was placed in his hands for suit. During the argument the defendants' counsel offered to read to the jury and comment upon an indorsement upon the note, as follows: "Aug. 12th, 1847. Received twenty-five cents on the within note;" to the reading of which the plaintiff objected, but the objection was overruled.

The court charged the jury, in substance, that the burden of proof was on the defendants; that it devolved on them to establish the truth of their answer, and unless they had done so the plaintiff was entitled to recover; that if the jury believed that Ginnis, being at the time the *bona fide* owner and holder of the note, entered a credit upon it, so as to reduce the amount within the jurisdiction of the justice, and then sued, and there was a trial and judgment upon the merits before the justice, the jury would find for the defend-

228

Hampton v. Dean.

ants; [457] otherwise they must find for the plaintiff. The plaintiff then asked of the court the following instructions: "That the defendants must prove that the justice of the peace before whom the cause was tried tried the case upon the merits, and that he had jurisdiction to try the same; and further, that the defendants cannot contradict the record introduced by parol testimony, and that the indorsement upon the note must first go to discharge the interest; and if the principal and interest amounted to more than one hundred dollars when the suit was brought before the justice, that the justice had no jurisdiction, and they must find for the plaintiff."

These instructions the court refused.

The jury returned a verdict for the defendants. The plaintiff moved the court for a new trial, which was refused. Judgment was rendered upon the verdict, and the plaintiff appealed.

*Shedd*, for appellant.

I. The court erred in overruling the motion to strike out the plea of former trial for the following reasons:

1st. The plea does not show the amount of the judgment or the amount of the debt sued on before the justice of the peace. These averments should have been made, that the court could determine whether it was the debt sued on.

2d. It appears from the record that the justice could have had no jurisdiction of the cause of action, (being over $100,) and there is in the plea nothing to show he had jurisdiction.

3d. As the District Court had decided that they had exclusive jurisdiction of the cause of action, it was inconsistent with that decision to admit this plea. Upon the trial the court erred in submitting the trial of the issue of *nul tiel record* to the jury, and therefore it was error to permit the record to be read to the jury as evidence. The court should have inspected the record and decided that issue. But if the jury [458] had to try that issue, then it was error to admit the record as evidence; for there is a variance between the record and plea. The record describes a note of $100; the plea, one for $100.10. These are different notes.

II. The court erred in permitting parol proof that the note sued on in this case and the note described in the record are the same. The issue of *nul tiel record* is not proved by parol testimony.

III. The court erred in permitting the indorsements made upon the note by the justice to be read as evidence of a former trial upon the merits. The justice had no authority to make these indorsements; they constituted no part of a record. The defendants should have proved by other testimony that there was a trial upon the merits.

IV. The court erred in permitting the indorsement of a credit to be read or commented upon as evidence in the argument of the cause. There was no plea averring the fact or showing how the justice obtained jurisdiction, and moreover it was not offered or read as evidence to the jury. The court asked the justice if the indorsement of credit was upon the note when it was handed him for suit; and this is all that was said concerning it.

V. The court erred in submitting the question contained in the first branch of the charge to the jury. The court should have decided it.

VI. The court should have charged the jury, as asked by plaintiff, that the credit of twenty-five cents made August 12, 1847, should have gone to the discharge of the interest then due. And as there was at the time of the indorsement over $12 of interest due upon the note, the payment did not diminish the principal to $100. The justice of the peace, before the indorsement, certainly had no jurisdiction; and at the time of the credit there was more interest due than was paid; so that the justice never did acquire jurisdiction. Hence all his proceedings were a nullity, and [459] should have been disregarded in the

Hampton v. Dean.

District Court. (Frazer *v.* Highland, 1 Har. & J. R., 98; Dean *v.* Williams, 17 Mass. R., 417; Fry *v.* Bradley, 1 Pick. R., 194; 2 Johns. R., 24.)

WHEELER, J. Of the several errors assigned, those which it is deemed material to notice are—

1st. The submission to the jury of the issue upon the plea of a former judgment, and the admission of parol evidence to identify the judgment and the note upon which it was rendered;

2d. Permitting the credit upon the note to be read to the jury; and,

3d. The refusal of instructions asked by the plaintiff.

The first objection here presented is answered by the opinion of this court in the cases of Foster *v.* Wells and Weathered *v.* Mays, decided at the present term.

Although the credit upon the note had not been read to the jury before the evidence was closed, yet it was in evidence that there was a credit upon the note. This fact of itself would seem to have warranted the court in permitting it to be read and commented on in the course of the argument. The fact of a credit was in evidence, and it was competent for the plaintiff at the time to have urged his objections to its admissibility, or to have introduced explanatory evidence, if he deemed it to require or admit of explanation, or to have obviated its legal effect by any evidence in his possession. Not having done so, but having been silent when the fact was proved, his objection to its admissibility came too late.

But if the credit in question is not to be considered as having been properly in proof before the parties had closed their evidence, still it was within the discretion of the court, if the justice of the case seemed to require it, and its admission would operate no surprise or prejudice to the opposite party, to permit the evidence to be given, even after the argument had commenced; the other party being permitted to [460] introduce any explanatory or rebutting evidence which he might offer.

The admission of the evidence could have operated no surprise to the plaintiff, for his attention had been drawn to it, during the examination of the witnesses; nor could he have been in anywise prejudiced by the omission to read the evidence to the jury at an earlier stage of the trial. .

The correctness of the ruling of the court in giving and refusing instructions is liable to more serious question.

That a payment upon the note. in the absence of proof of an intention to make a different application of it, must be first applied to the extinguishment of the interest is an elementary principle. And it is perfectly clear that if the amount of the note for the principal sum, exclusive of interest, was not reduced to $100, it was not within the jurisdiction of the justice; and his judgment was consequently void, and could neither be pleaded in bar nor admitted in evidence.

The note was for the payment of $100.10. It had been due, and hence drawing interest, from the 1st day of January, 1845, until the 12th day of August, 1847, when the credit was entered. And there is no pretense that it had been reduced by any other credit or payment than that of twenty-five cents, indorsed upon it. That did not extinguish the interest, and of course left the principal entire, a sum not within the jurisdiction of the justice.

The court therefore erred in the instruction given, in so far as that instruction left it to the jury to find that there was a credit upon the note which reduced it within the jurisdiction of the justice. It should not have been left to them to draw a conclusion which there was no evidence conducing in any degree to support.

The court also erred in refusing to instruct the jury that the credit upon the note must be applied first to the extinguishment of the interest. That instruction was relevant and pertinent, and ought to have been given as asked.

The last proposition asked as an instruction—that is, that if the amount of principal and interest exceeded $100, the justice had not jurisdiction—was manifestly incorrect and rightly refused. The justice had jurisdiction if the amount did not exceed $100. (Acts of 1846, p. 302, sec. 13.)

'The proposition "that the defendants cannot contradict the record introduced by parol testimony," also asked as instruction, though true as an abstract proposition, involved an assumption of fact wholly unsupported by the record, and was rightfully refused, there having been no evidence offered by the defendants to contradict the record of the judgment by the justice. But in consequence of the errors before indicated, the judgment must be reversed and the cause remanded for further proceedings.

Judgment reversed.

Note 97.—McGreal v. Wilson, 9 T., 426; Lee v. Hamilton, 12 T., 413; Earle v. Thomas, 14 T., 583; Andrews v. Smitherick, 20 T., 111; Dodd v. Arnold, 28 T., 97; Patton v. Rucker, 29 T., 402.