Wheeler, J.
The principal question in tiffs case arises upon the ruling of the court on the admissibility of evidence and in instructions to the jury to the effect that the plaintiff could not maintain the action on an equitable title.
We have frequently ruled in effect, if not expressly, that an action t.o recover the possession of laud may he maintained on an equitable as well as on a legal title. (Browning v. Estis, 3 Tex. R., 462; Neill v. Reese, 5 Id.; Howard and Wife v. Perry, decided at the last term at Austin.) Of the propriety and, indeed, the necessity of maintaining this doctrine we entertain no doubt. Unless we were prepared to hold that one who lias the equitable hut not the legal *22 'title, either has not the ability to enforce his rights or mast do so by two suits .instead of one, we must maintain his right to recover on his equitable title. 'That a party may recover on such title necessarily results from the rejection from our law of procedure of the distinctions between legal and equitable remedios, and from the doctrine, as well established as anything in our jurisprudence can be by the uniform adjudications of the court from its organization to the present time, that the rights of parties, whatever they may. be and in whatever court cognizable in those countries where legal and equitable rights are administered in separate jurisdictions, may here be adjudicated and determined in every action wherein they are drawn in question, without regard to their distinctions or to the form of the action.
AVc have heretofore taken occasion to notice that in Pennsylvania, where they liave no separate Court of Chancery, ejectment may be maintained upon an equitable title. (Neill v. Reese, 5 Tex. R., —.) And this upon the principle, as it is stated, that having no Couit of Equity they are “compelled to consider that as already done which chancery would enforce the performance of.” (4 Serg. & R., 208, 301.) Consequently, whenever chancery would' decree a conveyance, ejectment may ho maintained. (Id.; 8 Id., 485.)
In Pennsylvania ejectment is an equitable action. (Id.) And so with us, from necessity, is every action to which an injured party maybe compelled to resort for the enforcement of ills rights.
The. instrument executed by the sheriff, intended as a conveyance, was complete in every particular except the scrawl, which was omitted. It is to be regretted that it should have been thought necessary at this day to make a circumstance so trifling as a mere flourish of tiio pen at the name of the signer-essential to render the conveyance effectual to pass the legal title. But though the instrument be not good and effectual to pass tire legal title, yet it was admissible in evidence as conducing to show that the purchaser at the sale had acquired the equitable title to the land.
In Fleming v. Powell this court treated tiro making of the. deed hv the sheriff as a mere ministerial act. The deed, it was said, did not give the right. “Tile hid and payment of the purchase-money constituted the purchaser’s right, and the sheriff's deed was only evidence of right.” (2 Tex. R., 225, 230-1.)
But it is insisted for the appellee that the instrument in this case, not being a legal conveyance, though recorded, did not operate as constructive notice to the defendants. And we are referred to the 1st section of the act of 1840, concerning conveyances. (Hart. Dig., art. 167.) That section provides that a' conveyance “ declared by writing, sealed and delivered,” shall not he good as “against a purchaser for valuable consideration, not having notice thereof,” unless duly acknowledged or proved for recording and deposited with the clerk of the County Court for that purpose. It lias no reference to contracts for tlie sale of lands not under seal, nor does it prescribe what instruments may be recorded. But, by section 7 of the same act (Hart. Fig., art. 2770) it is provided that “every title bond or other written contract in relation to lands may lie proved, certified, or acknowledged, and recorded in the same manner as deeds for the conveyance of land; and such proof, acknowledgments, or certificates, and the delivery of such bond or contract to the clerk of the proper county to be recorded, shall he taken and held as notice to all subsequent purchasers of (.lie existence of such bond or contract.”
This instrument; though not, technically, a deed for the conveyance of land, is, nevertheless, a “contract in relation to lands,” within the meaning of the statute.
It i< further insisted for the, appellee that (ho judgment on which the execution issued was void its against the defendant Lewis, having been confessed, by an attorney, appearing voluntarily, without ci'ation to the defendant.
At present, the law requires that an attorney who appears for and confesses judgment against a defendant, not served with process shall file of record the' warrant, of attorney under which ho acts. (Hart. Dig., art. 770.) But' *23 ■we are aware of no law which required this at the date of the rendition of the .judgment in this case. And we have heretofore decided, where an attorney appeared for a party against whom no writ had issued, that an authority would be presumed. ' (Merritt et al. v. Clow, 2 Tex. R., 582.)
Note 8. — Miller v. Alexander, 13 T., 497; Wright v. Thompson, 14 T., 558; Alexander v. Miller, 1ST., 893; Rogers r. Bracken, 15 T.. 504; Secrest v. Jones, 21 T., 121; Herrington v. Williams, 31 T., 418; Viser v. Rice, 33 T„ 139 ; Walker a. Howard, 31T., 478. One in the actual, peaceable, and lawful possession of lands may maintain an action against a mere trespasser by whom he has been dispossessed. (Lea v. Hernandez, lü T., 137; Wilson v. Palmer, 18 T., 592; Alexander v. Gilliam, 39 T., 227.)
Note 9. — McOowen t. Wheeler, 20 T., 372. Where an administrator’s sale has been regularly made and the purchase-money paid, (confirmation not being required by the.laws then in force.) a deed from the administrator to the purchaser is not essential to the defense of the latter or those claiming under him in a suit by the heirs for the recovery of the land. (Bartlett a. Cocke. 15471.)
Note 10. — Holman v. Criswell, 13 T., 38.
Note 11. — Thompson r. Griffis, 19 T., 115; Chester it. Walters, 30 T., 63; Smith v. Wood, 37 T., 616; Caldwell v. Brown, 43 T„ 216.
There were two defendants. Neither appeared in person, nor was there an answer filed by either. If the one served with process liad appeared and pleaded, as in the case of Ward et al. v. Latimer et al., (Id., 245, 247,) we might have been warranted in the supposition that the word “defendants,” in the plural, in the entry of the judgment was a clerical mistake, and that it had reference to the appearance by answer, which was only by the party on whom there was service. But the circumstances which led to the conclusion in that case are wanting in this.
We conclude that to entitle the plaintiff to recover it was not necessary for him to produce a technical legal conveyance from the sheriff, but lie might recover on proof that he was the equitable owner of the land; and that to constitute him such it would be sufficient to prove the judgment, execution, levy, and sale, and that he was the purchaser and paid the" purchase-money, that is, the facts which were necessary to entitle him to a conveyance; and that the sheriff executed, though defectively, and delivered an instrument pur» porting .to be a conveyance. These facts the plaintiff proposed to prove; and we entertain no doubt that if proved they amounted to evidence of title sufficient to maintain the action.
We are further of opinion that the mere omission of the scrawl did not authorize tlie rejection of the instrument offered in evidence, but that it was admissible to prove the plaintiff’s purchase, and when duly recorded was constructive notice of ills right.
We are of opinion that the judgment be reversed and the case remanded for further proceedings.
Judgment reversed.