## C. L. MUCKLEROY v. JAMES W. BETHANY.*

A plea of *non est factum*, which admits the making of a note similar to that sued on, except as to the seals attached to the signatures of the defendants, which the plea alleges were not contained in the note signed by the defendant, is a good plea.

A note having a scroll, with the word "seal," written in it, opposite the name of one of the payees, and a scroll without anything written in it, opposite that of the other, is a sealed instrument.

Attaching a seal to an instrument, usually called a note, gives increased effect to its apparent validity, so far that a payee cannot impeach the consideration, otherwise, than by a sworn plea, (O. & W. Dig., Civ. Stat., Art. 430,) and the difference between a note under seal, and one not under seal is, therefore, material to the defendant.

ERROR from Austin. Tried below before the Hon. James H. Bell.

The defendant in error instituted this suit on the 30th day of September, 1857, against the plaintiff in error and Eli Venters, on a promissory note, set forth in the petition, in *hæc verba*, and which purported to be thus signed:

"ELI VENTERS,      [seal.]

"C. L. MUCKLEROY, [      ]"

* This suit was determined in the District Court, before the passage of the act of February 2d, 1858, dispensing with the necessity for the use of scrolls or private seals; whereby a consideration is as fully imported without, as had been before, by a seal. (O. & W. Dig. Civ. Stat. Art. 1817.)—REPORTERS.

The defendant, Muckleroy, pleaded *non est factum*, under oath, but in his plea, admitted, that he, with his co-defendant, gave to the plaintiff a promissory note, (setting it out in *hœc verba* in his plea,) but denied that he, or any one by his authority, ever made, executed, or delivered such a note to the plaintiff, as the one sued on.

The note set out by the defendant in his plea, had neither scroll, nor seal attached to the signatures of the makers, but was in all other respects similar to that sued on.

The plaintiff filed a general demurrer to the plea, which was sustained, and the parties waiving a jury, and submitting the case to the court, (in December, 1857,) judgment was rendered in favor of the plaintiff, for the principal and interest of the note.

*Hunt & Holland*, for the defendant in error.

ROBERTS, J.—The plea denying, under oath, the execution of the note, as described in the petition, shows the difference to be, that the note sued on has a scroll with the word *seal* written in it, opposite the name of one of the payees, and a scroll, without anything written in it, opposite that of the other defendant, who is now sued; and the note alleged and admitted by the plea to have been executed, is without any scroll or seal of any sort.

We think the court erred in sustaining exceptions to this plea. The addition of a seal to the first name has been held to be sufficient to make it a sealed instrument, as to all the signers.    A scroll, with the word "seal" written in it, is a seal, as it was decided in the case of English v. Helms, 4 Texas Rep. 228.

Attaching a seal to an instrument, usually called a note, gives increased effect to its apparent validity, so far that a payee cannot impeach the consideration, otherwise than by a sworn plea. (Hart. Dig. Art. 710.) The difference, therefore, is material.   It is not analogous to the case of Reed v. Roark, 14 Texas Rep. 330, where a note in pencil was re-written with ink, without any other change.   Judgment reversed and cause remanded.

Reversed and remanded.