### B. D. SHROPSHIRE v. BEHRENS & CASTLES ET AL.
#### No. 6597.

1. **Assignment for Creditors.**—An assignment for the benefit of creditors which on its face purports to convey all the property, both real and personal, of the assignor, is effectual, if otherwise sufficient, to convey the realty though only personal property is contained in the attached inventory.

2. **Corporation Contracts.**—Corporations are excepted from the operation of the statute (Rev. Stats., art. 4487) which dispenses with the use of seals in the execution ·of written contracts.

3. **Assignment by a Corporation.**—An assignment for the benefit of creditors

executed by the president of a private corporation without attaching the corporate seal can not convey the land of the corporation.

APPEAL from Brown.    Tried below before Hon. John C. Randolph.

This is an appeal from a judgment below sustaining exceptions to the petition of appellant, suing as assignee of the Brownwood Drug Company, against the appellees, who were attaching creditors.    The opinion sufficiently states other facts.

*Bell & Drane*, for appellant. —1.    A corporation through its properly authorized agents can convey personal property by written deed accompanied with delivery without affixing the seal of the corporation.    The only instance in which a private seal is necessary to pass title is that of a corporation conveying real estate.

2.    The purpose of the act of March 24, 1879, and amendments thereto, is not to render any assignment void, but to bring them all within the law and to give them force and effect, however made or expressed, if the intention of the assignor can be arrived at.    McWilliams v. Cornelius Bros. & Co., 66 Texas, 303; Fant v. Ellsbury, 68 Texas, 1; McCart v. Maddox, 68 Texas, 456; Kellogg v. Muller, 68 Texas, 182; Schoolher, Bernstein & Co. v. Hutchins, 66 Texas, 324.

*Clark, Dyer & Ballinger*, for appellees.— While a corporation may in its usual course of business convey personal property by mere verbal contracts of its authorized agents, it can not execute a valid assignment except by deed made under the formalities prescribed by law, which necessitates the use of the common seal of the corporation, and the instrument would import no validity as the deed or act of the corporation nor be considered prima facie evidence of its corporate act without the seal or the use of what purports to be the seal of the corporation.    Rev. Stats., arts. 4487, 575, 600; Acts 1879, sec. 1, p. 57; Kohler v. Iron Co., 2 Black, 715; 1 Dev. on Deeds, secs. 334–336, and authorities; Ang. & Ames on Corp., 8 ed., secs. 291, 295, 216, 217, 225, 226; Boone on Corp., sec. 54, and notes; Zottman v. San Francisco, 20 Cal., 96; Phillips v. Coffee, 17 Ill., 154; Ditch Co. v. Zellerbach, 37 Cal., 543.

STAYTON, CHIEF JUSTICE.—The petition alleges that the " Brownwood Drug Company," a private corporation incorporated under the laws of this State, on April 12, 1887, made an assignment of all its property, real and personal, for the benefit of such of its creditors as would consent to take under it and release the corporation.

The instrument through which it was alleged this was done was made an exhibit to the petition, and so much of it as is in question reads as follows: " For the benefit of such of the creditors of the Brownwood

Drug Company only who will consent to accept their proportional shares of the estate of said Brownwood Drug Company and discharge said Brownwood Drug Company from their respective claims, and the remainder, if any, to be paid to such creditors as do not accept under this assignment; and the said B. D. Shropshire on his part accepts said trust, and hereby covenants and agrees to faithfully perform his duties as said assignee in accordance with the statutes concerning assignments for the benefit of creditors.

"Witness our hands this 12th day of April, A. D. 1887.

"THE BROWNWOOD DRUG COMPANY,

"By JOHN C. BERNAY, President.

"B. D. SHROPSHIRE, Assignee.

"Attest:

"W. C. MORGAN, Secretary."

The instrument purports to convey all property, both real and personal, of the corporation, while the inventory attached to it shows only personal property, but does not exclude the existence of realty also.

After appellant as assignee took possession of the estate a lot of drugs were seized under a writ of attachment sued out by appellees, and this action was brought by the assignee to recover damages for the seizure.

Special exceptions were filed which questioned the sufficiency of the petition in that it did not show that the instrument was executed under authority of the directors of the corporation, or under its corporate seal; and further, on the ground that the instrument was indefinite, in that it did not show that it was made exclusively for the benefit of consenting or of nonconsenting creditors.

Under the averments of the petition and from the face of the instrument it must be held that the intent was to assign both real and personal property, and that the instrument was not executed under the corporate seal. While the use of seals has been rendered unnecessary to the validity of contracts between individuals, the statutes of this State still require that corporations shall evidence their contracts by use of their corporate seals. They are excepted from the operation of the law which renders the use of seals unnecessary in contracts between individuals. Rev. Stats., art. 4487.

The law of this State provides that "any corporation may conveys lands by deed, sealed with the common seal of the corporation and signed by the president or the presiding member or trustee of said corporation; and such deed, when acknowledged by such officer to be the act of the corporation or proved in the manner prescribed for other conveyances of land, may be recorded in like manner and with same effect as other deeds." Rev. Stats., art. 600.

We think it is clear that the instrument in question, because not executed under the corporate seal, is insufficient to convey to the assignee

any real estate owned by the corporation, which to give validity to the assignment was necessary.

If in fact the corporation owned no real property this fact should have been distinctly alleged, and such fact can not be implied either from the averments of the petition or language of the instrument. It therefore becomes unnecessary to consider whether the assignment would have been valid had the corporation owned only personal property. It also becomes unnecessary to inquire whether the provision that such of the estate as might not be necessary to satisfy consenting creditors should be paid to those not consenting would invalidate the assignment.

The exception was properly sustained on the ground noticed, and the judgment of the court below will be affirmed.

*Affirmed.*

Delivered May 13, 1890.