## THOMAS LOCKRIDGE v. T. T. McCOMMON.

### Decided December 14, 1896.

**Conditional Limitation—Conveyance—Mortgage Not a Deed.**

Land was conveyed to R. B. L. and J. T. L. in fee simple, "with the further-limitation that if the said R. B. L. shall die without having disposed of his share and part of said lands by deed or will, and without issue, or their descendants living at the time of his death, then the estate here granted to him shall pass and vest in the issue of said J. T. L." Held:

1. The foregoing constituted a valid conditional limitation, and on death of R. B. L. without issue, and without having made deed or will, the land passed to J. T. L., and constituted no part of the estate of R. B. L. (P. 238.)

2. A deed of trust to secure a debt made by R. B. L. in his lifetime was not a deed within the meaning of the above instrument, by which was meant a conveyance, and not a mortgage. It did not comply with the condition which prevented the operation of the limitation of R. B. L.'s estate. (Pp. 239, 240.)

3. Upon the death of R. B. L. without having disposed of the property, either by deed or will, otherwise than by such mortgage, the property vested in J. T. L., and his heirs could recover the land against those claiming under a sale thereof in the Probate Court, as part of the estate of R. B. L., to satisfy such mortgage.. (P. 240.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Gonzales County.

The suit was brought by Thomas Lockridge, who claimed the land in controversy through his ancestor, Jno. T. Lockridge, by operation of the conditional limitation of the estate of R. B. Lockridge contained in the deed set forth in the opinion, by which it was claimed his title vested on

his death in Jno. T. Lockridge. Defendants claimed under an administrator's deed, by which the land was sold as part of the estate of R. B. Lockridge. Plaintiff had judgment in the trial court. On appeal it was reversed and rendered for defendants, and appellee obtained writ of error.

*Thos. McNeal* and *C. L. Bates,* for plaintiff in error.—The Statutes of Deeds and Wills of this State, enacted in the year A. D. 1840, swept away the established common law rules of construction in respect to the quantity of interest or estate that may be created and vested by wills and deeds; and in this State any person may by will or deed create and vest in another person any estate in land which does not violate the constitutional restriction against perpetuities and entailments; and by virtue of said statutes, estates of freehold and inheritance may be made to commence in futuro by deed or conveyance, in like manner as by will. State Const., art. 1, sec. 26; Sayles' Texas Civ. Stats., arts. 551, 556, 4857 and 4858; Pugh v. Mays, 60 Texas, 191; Cravens v. White, 73 Texas, 577; Hancock v. Butler, 21 Texas, 804; Bell County v. Alexander, 22 Texas, 351; Brooks v. Evetts, 33 Texas, 732; 4 Kent, 537-538.

The legal effect of the deed under which appellee claims is: (1) It reserves or excepts to the grantors, Andrew Lockridge and his wife, Anna Lockridge, a life estate in the land; (2) it grants a limitation in fee to Robert B. Lockridge; and (3) it contains an executory grant to the issue of John T. Lockridge, limited to take effect, and defeat and displace the estate conveyed to Robert B. Lockridge, in the event that the said Lockridge "should die without having disposed of said land by deed or will, and without issue living at the time of his death." 2 Minor's Institutes, 264, 265 and 256; Title, "Constitutional Limitations;" 424, 415, 426 and 427; Title, "Executory Limitations." And same authorities cited above.

The only restriction in this State against the disposition of property is the constitutional inhibition against perpetuities. And any limitation designed to take effect in futuro which is so limited that it must take effect within the period of a life or lives in being, and ten months and twenty-one years afterward, is not a perpetuity. 2 Minors' Institutes, 266, 267; 4 Kent, 267, 268; 2 Blackstone's Com., 174; 2 Wash. Real Property, 359.

The deed under which appellee claims does not in terms confer upon Robert B. Lockridge the power to dispose of said property by deed or will; and the limitation over to appellee precludes any such power in Robert B. Lockridge. And even if the deed had in direct and positive terms conferred upon Robert B. Lockridge the power to dispose of said land by deed or will, that would not have authorized said Robert B. Lockridge to mortgage said land. The power to dispose of by deed or will does not increase the estate of donee vested in him by the same instrument. A power to sell does not confer a power to mortgage, nor to do any other

act than in completion of the sale. It is only where the donor of the powed conferred it with the intent shown in the instrument to create a particular specific charge on the estate that a power to dispose of by deed or will has been held or will be held to include the power to mortgage. In this State a mortgage is a mere security for debt, and is, therefore, clearly not embraced in a power to dispose of by deed or will. Willis v. Smith, 66 Texas, 43; Payne v. Johnson, 24 S. W. Rep., 238, 609; Price v. Courtney, 56 Am. Rep., 453; Stokes v. Payne, 38 Am. Rep., 340 and note 343; Bloomer v. Waldron, 3 Hill (N. Y.), 361.

*Brown & Lane,* for defendant in error.—The power to dispose of by deed or will does not decrease the estate of donee vested in him by the same instrument; and when unlimited power of disposition is granted, and a fee simple title is passed, and an inheritable estate is granted, as was done by the deed in this case, an executory or conditional limitation over, in the same instrument, is void. Outland v. Bowen (Ind.), 17 N. E. Rep., 282; Fowler v. Black (Ill.), 26 N. E. Rep., 596; Bouldin v. Miller (Texas), 28 S. W. Rep., 940; Van Horne v. Campbell (N. Y.), 3 N. E. Rep., 316 and 771; Essick v. Caple (Ind.), 30 N. E. Rep., 901; 6 Am. & Eng. Encycl. Law, 877 and 895; Karker's Appeal, 60 Pa. St., 141; Hancock v. Butler, 21 Texas, 804; Gray's Restraints on Alienation, secs. 19, 22, 67, 70, 105, 122, 123.

An unlimited power of sale does confer a power to mortgage. Sampson v. Williamson, 6 Texas, 113; Faulk v. Dashiell, 62 Texas, 649; 50 Am. Rep., 542; 1 Jones on Mortgages (4th ed.), sec. 136, note 4, and 138.

While a mortgage is not perhaps a deed or will, still the greater power to dispose of by deed or will includes the power to mortgage.

BROWN, ASSOCIATE JUSTICE.—The facts necessary to an understanding of the points involved in this case are as follows: "Andrew Lockridge and his wife, Anna Lockridge, on the 8th of February, A. D. 1866, executed and delivered the following deed, to-wit:

"The State of Texas,
        "Gonzales County.
"Know all men by these presents that we, Andrew Lockridge and Anna, his wife, both of the County of Gonzales, in the State of Texas, for and in consideration of the love and affection we bear to our two sons, Robert B. Lockridge and John T. Lockridge, of the aforesaid county and State, and the further sum of five dollars, to us in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have this day granted, bargained, sold and conveyed, and by these presents do hereby grant, bargain, sell and convey unto the said Robert B. and John T. Lockridge the following described tracts or parcels of land." The description of the land is omitted.

"To have and to hold the said six hundred and ninety (690) acres of

land to the said Robert B. Lockridge and John T. Lockridge, together with all the improvements and buildings thereon, together with all the appurtenances and hereditaments and incidents in any wise belonging thereto; but upon the following terms and conditions, and none others— that is to say: The said Andrew Lockridge and the said Anna Lockridge, his wife, shall be seized of a life estate for and during their natural lives, and that of the survivor, in and to said hereby granted tracts or parcels of land and improvements, buildings, appurtenances and hereditaments and incidents in any wise belonging thereto, and the said Andrew Lockridge and Anna Lockridge, his wife, for and during their natural lives, and that of the survivor shall have free use and enjoyment, control and pos- session of said hereby granted tracts of land and improvements and ap- purtenances as aforesaid, and at the natural death of both said Andrew Lockridge and Anna Lockridge, his wife, their interest and estate in said tracts of land and improvements shall cease, end and determine, and all the right, title, interest and estate in and to said granted premises and improvements shall vest in the said Robert B. Lockridge and the said John T. Lockridge, their heirs and assigns, forever, in fee simple, in the following parts and proportions, and none others, to-wit:   *   *   *

"The lands hereby donated and conveyed are with the further limita- tion, that if the said Robert B. Lockridge shall die without having dis- posed of his share and part of said lands by deed or will, and without issue or their descendants, living at the time of his death, then the estate here granted to him shall pass and vest in the issue and their descendants of the said John T. Lockridge, in default of which, then to all the children and the issue of such as may be dead of said Andrew and Anna Lockridge, share and share alike."

Andrew and Anna Lockridge died July 16, 1869. Robert B. and John T. Lockridge were sons of Andrew and Anna. Robert B. Lockridge was never married, and died in 1874, without issue or their descendants, and never disposed of the land in controversy by will or otherwise, except by making a deed of trust as hereafter stated. Thomas Lockridge, the plain- tiff, the son of John T. Lockridge, was born July 16, 1869. John T. Lockridge had one other child, which died before the birth of plaintiff and left no issue. The plaintiff was, at the death of Robert B. Lock- ridge, and ever since, the only issue of the said John T. Lockridge.

December 14, 1872, Robert B. Lockridge executed and delivered to G. S. Walker a deed of trust on the land in controversy, to secure the pay- ment of a note for $500 gold given by Robert B. Lockridge to Walker. After the death of Robert B. Lockridge, to-wit, on July 15, 1874, let- ters of administration were granted to John T. Lockridge on the estate of the said Robert B. In the inventory the land sued for was put down as the property of Robert B. Lockridge. In 1877 the County Court of Gonzales County ordered the sale of the said land by the administrator, at which Walker purchased, which sale was confirmed by the court.

Thomas Lockridge instituted this suit against T. J. Marley and G. R. Marley and Edgar D. Bryan and Jessie L. Bryan, the latter being minors. The defendant McCommon was vouched in as warrantor.

Upon the trial the District Court gave judgment in favor of the plaintiff for the land, and against McCommon, on the warranty of his ancestor, G. S. Walker.

The Court of Civil Appeals reversed the judgment of the District Court and rendered judgment in favor of defendants.

The language of the deed from Andrew and Anna Lockridge to Robert B. Lockridge expresses the intention of the donors to be, that Robert B. should take a fee simple estate in the land, limited upon two conditions, (1) that if he should not dispose of the land during his life time by deed or will, and (2) should die leaving no issue nor their descendants living at his death, then his estate should terminate, and the issue of John T. Lockridge should be substituted and take the title in fee simple without limitation.

There is no room for construction of the instrument, and the only questions that arise are, (1) is the limitation over to the heirs of John T. Lockridge valid?   (2) If so, did Robert B. in his lifetime dispose of the land according to the terms of the deed under which he held?

The plaintiff in error claimed that the conveyance from Andrew and Anna Lockridge to Robert B. Lockridge created in the latter an estate in fee simple upon conditional limitation.   Of this class of estates it is said, "conditional limitations could not exist at common law.   They arise only out of certain conveyances owing their existence to statutes, the effect of which is to dispense with livery of seizin."   Minor's Institutes, 2 vol., p. 232.

Article 632, Revised Statutes (Article 1002 Paschal's Digest), reads as follows:   "An estate of freehold or inheritance may be made, to commence, in futuro, by deed or conveyance, in like manner as by will." Livery of seizin, which at common law was necessary to the creation of a freehold estate, has never been required in this State.   Horton v. Crawford, 10 Texas, 382;   Whitehead v. Foley, 28 Texas, 268.

"A conditional limitation is of a mixed nature, and partakes of a condition and of a limitation: as if an estate be limited to A. for life, provided that when C. returns from Rome it shall thenceforth remain to the use of B. in fee; it partakes of the nature of a condition, inasmuch as it defeats the estate previously limited; and is so far a limitation, and to be distinguished from a condition, that upon the contingency taking place the estate passes to the stranger without entry, contrary to the maxim of law, that a stranger cannot take advantage of a condition broken."   (4 Kent, star page 128; 2 Minor's Institutes, p. 231.)   The instrument under consideration contains all of the elements of a conditional limitation as thus defined and is valid unless it be rendered void by the insertion of the condition authorizing the disposition of the land by the donee.

Defendants in error claim that the plaintiff should not recover, for two reasons:

(1) Because the deed from Andrew and Anna Lockridge to Robert B. conferred upon him the full power of disposing of the property, and thereby vested in him a fee simple title to the land.

(2) That if this be not true, then Robert B. Lockridge in his lifetime disposed of the land by deed, within the meaning of the language used in the deed under which he held, when he made a deed of trust upon the land in favor of G. S. Walker.

The conveyance under which Robert B. Lockridge held the property vested in him, in terms and legal effect, a fee simple title to the land, limited however upon the conditions before stated. The condition expressed in. the language "without having disposed of his share and part of said land by deed or will" is not repugnant to the former part of the deed which granted the title to Robert B., and it does not restrict or in any way limit his power of control or disposition over the land. In fact, by the insertion of this condition his power of disposition is enlarged, and by the exercise of that power he might have cut off the estate which was to be substituted upon a failure to dispose of it and the failure of issue. Without this condition he would have had the power to sell such estate as he had, his vendee taking subject to the conditions and limitations under which he then held the title, but with this condition inserted his power was enlarged so as to include the power of absolute disposition. The insertion of this condition did not affect the estate granted to Robert B., and we can see no reason why it should be held to have in any manner affected the validity of the succeeding condition of failure of issue upon the happening of which there would be substituted an estate in fee simple in the issue of John T. Lockridge. If, however, it be granted that the former condition was repugnant to the estate vested in Robert B., then the repugnant condition would be invalid, and the instrument would be construed as if it had never been inserted. That condition being eliminated, the deed would vest the title in Robert B. Lockridge, limited upon the contingency of failure of issue and their descendants, upon the happening of which the title would vest in plaintiff.

The next question for examination is, was the making of the deed of trust by Robert B. Lockridge to Walker a disposition by "deed," according to the intent and meaning of the language used? The word "deed," as used in that instrument, is commonly understood to mean an instrument in writing, duly executed and delivered, conveying real estate, and does not include a mortgage. (Hellman v. Howard, 44 Cal., 100; 1 Dev., Deeds, sec. 5.) There is no reason why any other meaning should be attributed to the word as used, and we conclude that the parties intended that, in order to defeat the estate limited upon the conditions expressed, Robert B. must, in his lifetime, by deed or by will, dispose of the title to the property. Certainly, under our law, a deed of trust cannot be held to be a disposition of the title to land, for it is well established

that such an instrument is only a security for the debt to secure which it is given, and confers no title upon the trustee or beneficiary. We think that there was no such disposition of this property by Robert B. Lockridge as was contemplated by the donors when they made the instrument under consideration.

The defendants in error claimed that, by the power to dispose of the property expressed or implied by the insertion of the condition relative thereto, Robert B. Lockridge was authorized to mortgage the land. It is unnecessary for us to discuss the question as to whether a power to "dispose of by deed" would authorize the execution of a mortgage, for we believe it to be true that Robert B. Lockridge had the right to make the deed of trust to Walker, independent of the clause in question, but that Walker took it subject to the defeat of the title of Robert B. by the happening of the conditions expressed in the conveyance under which the latter held, and the power of sale given by the deed of trust not having been executed by a sale of the land in the lifetime of Robert B. Lock·ridge, his title terminated upon his death, with no issue nor their descendants then living, and the title of the plaintiff was substituted; from which it follows that the sale of the land by the administrator of Robert B. Lockridge, in whose estate no title was left, conferred no right upon the purchaser, and therefore created no bar to the right of the plaintiff to recover the land in question. We express no opinion as to what effect a sale under the trust deed in the lifetime of R. B. Lockridge would have had upon the conditional limitation to the issue of John T. Lockridge.

In the record we find an agreed statement of facts in which is embraced this language: "The verdict of the jury is correct if the ruling of the lower court in construing the deed is correct." The other ques-. tions presented by defendant in error are waived by the agreement quoted and not considered by us.

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment in favor of the appellant T. T. McCommon. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*