**SNOW v. PRINCE et al.   (No. 1654.)**

Court of Civil Appeals of Texas.   Beaumont.
March 27, 1928.

Rehearing Denied April 4, 1928.

1. **Brokers** ⬅️82(4)—**Instrument constituting earnest-money receipt or option to purchase, held properly excluded as variance from pleading.**

In suit to recover on contract, for commission in procuring a deed from certain persons to defendants, instrument constituting a mere earnest money receipt, or option to purchase, or executory contract for sale, but in no event constituting a deed or present conveyance to defendants, *held* properly excluded as being at variance with pleading.

2. **Estoppel** ⬅️110—**Oral testimony that defendants, agreeing to pay commission for deed, took possession under different instrument held inadmisible without plea of estoppel or waiver.**

In suit to recover under contract, for commission in procuring deed to certain tract of land to defendants, oral testimony to effect that defendants entered into possession after execution of instrument in the nature of an earnest-money receipt, *held* inadmissible without plea of estoppel or waiver.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by John H. Snow against H. Prince, H. Brown, and others, subsequently dismissed as to defendant last named, and wherein executors of the estate of defendant first named were made parties in his stead after his

death. Judgment for defendants, and plaintiff appeals. Affirmed.

A. E. Masterson, of Angleton, and Bryan, Colgin, Suhr & Bering, of Houston, for appellant.

Fouts, Amerman, Patterson & Moore, of Houston, for appellees.

HIGHTOWER, C. J. This suit was filed by appellant, John H. Snow, on May 15, 1920, in the district court of Brazoria county, against H. Prince, H. Brown, A. Feldman, and J. J. Moody, as defendants. Appellant, for his cause of action, alleged, in substance, that on or about April 3, 1919, the defendants Prince, Brown, and Feldman made a contract with him, by the terms of which they agreed and bound themselves to pay him $3,000, if he would procure for them a deed from certain persons to a tract of one and one-half acres of land in the oil field at West Columbia in Brazoria county, and he alleged, in substance, that he had carried out the contract on his part and did procure the deed, but that the defendants had failed and refused to pay him for doing so, according to their contract.

The defendants Prince, Brown, and Feldman, all being citizens of Harris county, filed their plea of privilege to be sued in that county, which plea was sustained and the case was transferred to the district court of Harris county. After the case had reached the district court of Harris county, the defendants answered by general demurrer and general denial and the case remained on the docket without trial for a number of years, approximately seven years. In the meantime, defendant Prince died, and defendant Brown disappeared, and his whereabouts became unknown and he was dismissed from the suit by the plaintiff. The executors of Prince's estate were made parties defendant in his stead, and after appellant had filed several amended petitions and supplemental petitions, the case proceeded to trial and the result was an instructed verdict and judgment thereupon entered in favor of defendants then before the court.

Appellant's second amended petition, upon which the case proceeded to trial, in stating the contract upon which the suit is based, was as follows:

"That heretofore, to wit, on the 3d day of April, 1919, H. Prince, A. Feldman and H. Brown contracted with the plaintiff that if he, plaintiff, would procure the signatures of Charles Williams and wife, Minnie Williams, Thomas Rhodes and Lee Rhodes, and in the alternative, the signature of Lee Rhodes alone, to a deed to one and one-half (1½) acres of land in the West Columbia oil field in Brazoria county, Tex., adjoining the cemetery and fully described in the deed from Charles Williams and his wife, Minnie Williams, and Thomas Rhodes and Lee Rhodes to H. Prince, H. Brown and A. Feldman, of record in volume 151, page 540 of the Record of Deeds for Brazoria county, Tex., to which reference is here made for description, that they would pay to the plaintiff the sum of $3,000, in cash for such services."

"Plaintiff alleges that he did on, to wit, the 3d day of April, 1919, procure the signatures of all of said persons to said deed, and that he did on the 3d day of April, 1919, at the special instance and request of the said H. Prince, A. Feldman, and H. Brown go to Matagorda county, Tex., cause the said Lee Rhodes to go to West Columbia in Brazoria county, Tex., and cause the said Lee Rhodes to execute to the said Prince, Feldman, and Brown the deed hereinabove described.

"Plaintiff alleges that he performed each and every act undertaken by him in his agreement with said Prince, Feldman and Brown, and has fully and completely performed his part of the contract, for which the said H. Prince, A. Feldman and H. Brown agreed to pay him said sum of three thousand ($3,000) dollars aforesaid."

Appellant then alleged the breach on the part of the defendants of the contract pleaded by him, and prayed for recovery against them for the sum of $3,000.

This is a sufficient statement of the pleadings of the parties to make clear our disposition of the appeal.

When the case was reached for trial below, appellant offered in evidence, for the purpose of showing that he had carried out and performed his contract with the defendants Prince, Brown, and Feldman, the following instrument:

"In consideration for the amount of $100 in cash paid by parties of the first part, receipt of which is hereby acknowledged, Minnie Williams and husband, Charles Williams, Thomas Rhodes and Lee Rhodes, this agreement is made as follows:

"(1) We, the undersigned, parties of the first part, have sold and conveyed one tract of land consisting of 1½ acres, more or less, described as Rhodes tract in West Columbia, Tex., adjoining Colored Cemetery on the east, flag pond on the west, and Chas. Brown on the north to H. Prince, A. Feldman, and H. Brown, of Houston, Tex. Parties of the second part, for the consideration of $1,500.

"(2) The parties of the first part guarantee to parties of the second part that the above mentioned and described tract is free of any incumbrance or other claims.

"(3) The parties of the first part agree to accept $1,000 as a deposit on the bargain, balance of $14,000 to be paid on Monday, April 7, 1919, on passing good title to parties of the second part. There are no oil leases on said land.                    "Minnie Williams.
                    "Charley Williams.
                    "Thomas Rhodes.
                    "Lee Rhodes."

This instrument was duly acknowledged by all parties signing it, the acknowledgment taking the form of an acknowledgment to a deed.

When the above instrument was offered in evidence by the appellant, counsel for ap-

pellees objected to its introduction on the ground, substantially, that appellant's petition alleged that his contract with appellees was to procure the signatures of the parties signing the instrument to a "deed" and that the instrument offered in evidence was not a deed, and that it was not admissible for any purpose under appellant's pleading. In other words, counsel for appellees objected to the introduction of the instrument then offered, because there was a variance between it and appellant's pleading. This objection was sustained by the trial court and appellant was not permitted to introduce the instrument in evidence as a compliance with his alleged contract.

After the trial court had refused to permit appellant to introduce the above-mentioned instrument in evidence, counsel for appellant asked permission of the trial court to introduce certain parol testimony, which the trial court permitted, excusing the jury in the meantime. Thereupon, appellant was placed upon the witness stand and testified, in substance, which we shall state very briefly, that the signatures of the persons signing the instrument tendered in evidence were secured by him, and that after the instrument had been signed by them all and duly acknowledged, defendant Feldman stated to him, appellant, that he, appellant, had earned his money, and that he would be paid as defendants had agreed to pay him for his services. He further stated, in substance, that defendants never requested him to procure for them any other instrument in this transaction, and he also testified, that immediately after the instrument was signed appellants erected a derrick, upon the one and one-half acres of land described in the instrument, for the purpose of operating for oil. In other words, appellant testified that immediately after the instrument was executed, appellees took possession of the one and one-half acres of land.

Two other witnesses, R. M. Mohler and Lee Rhodes, testified, substantially, as did appellant touching the satisfaction of defendants with the instrument above described, and the erection of the derrick by defendants upon the one and one-half acres of land. There was also other testimony by these witnesses touching other details, all of which comes up in the form of a bill of exceptions, but since it has no material bearing upon the question before us, it will not be mentioned.

All this parol testimony was objected to by counsel for appellees, on the ground that it was wholly immaterial to any issue made by the pleadings, and this objection was sustained by the trial court, and the jury was recalled and peremptorily instructed to bring in a verdict for the defendants. The action of the court, in excluding the above instrument and in refusing to admit the oral testimony, was duly excepted to by counsel for appellant.

The only questions before us are, as to whether the trial court was in error in refusing to permit the introduction in evidence of the above-described instrument, offered by appellant as showing a compliance on his part with his alleged contract, the refusal being based upon the ground that there was a variance between appellant's pleading and the instrument that he offered in evidence to sustain it, and whether the trial court was in error in refusing to admit the parol testimony above shown.

[1] Upon submission, the case was orally argued by able counsel for both sides and has been briefed by both, and after careful consideration we have reached the conclusion that the trial court was correct in both rulings. It is clear to us that the instrument offered in evidence by appellant is not a "deed" or present conveyance of land by the signers to Prince, Brown, and Feldman. The only earmarks of a deed that we see in this instrument are these words, "have sold and conveyed," as used in paragraph 1 of the instrument. It is contended by counsel for appellees, that this instrument is nothing more than an earnest money receipt, and that, therefore, it was not admissible under appellant's pleading to the effect that he was to procure the signatures of the named parties, Rhodes and others, to a "deed." Whether this instrument was a mere earnest-money receipt, or whether it gave a mere option to purchase the land, or whether it was a mere executory contract for the sale of land, it is unnecessary for us to determine. It is of no higher dignity than one of these. It certainly is not a deed or present conveyance of the land described to Prince, Brown, and Feldman.

"The word 'deed' * * * is commonly understood to mean an instrument in writing, duly executed and delivered, conveying real estate." Lockridge v. McCommon, 90 Tex. 234, 38 S. W. 33; Peterson v. McCauley (Tex. Civ. App.) 25 S. W. 826; Wallace v. Wilcox, 27 Tex. 60.

If it were necessary to determine the exact nature of this instrument, we would be inclined to hold that it is only an earnest-money receipt. It starts off:

"In consideration for the amount of $100 in cash paid by parties of the first part, receipt of which is hereby acknowledged, Minnie Williams and husband, Charles Williams, Thomas Rhodes and Lee Rhodes, this agreement is made as follows:"

Then in the concluding part of paragraph 1 of the instrument, it is stated, that the consideration that the parties of the first part are to pay to parties of the second part for the land is "Fifteen Hundred Dollars." (Evidently it was intended by the parties that the consideration for the land, instead of

being $1,500 was to be $15,000, because in paragraph 3 of the instrument, as we have shown, it is stated that the "balance of $14,-000" was to be paid four days later "on passing good title to parties of the second part.") Again, paragraph 3 starts off by saying, that the parties of the first part "agree to accept $1,000 as a deposit on the bargain." What bargain? If this instrument was intended as a deed by the parties, why the use of having it to state that the parties were making the instrument in consideration of $100, and that they agreed to accept $1,000 as a deposit on the bargain? As we have stated before, this instrument bears none of the earmarks of a deed, save and except the words "have sold and conveyed." All other portions of the instrument show clearly, we think, that the parties were making only a written instrument sufficient to bind the bargain, and that four days after the execution of the instrument a "good title" was to be passed by the makers of the instrument to Prince, Brown, and Feldman. It must be kept in mind that it was not pleaded by appellant that he was only to procure the instrument above described, but his allegations are that he was to procure the "signatures" of the makers of the instrument to a "deed." We hold that the trial court was correct in excluding the introduction of this instrument in evidence, as showing a compliance by appellant with the contract pleaded by him.

[2] Since there was no plea of estoppel or waiver by appellant, the trial court was correct in excluding the parol testimony above mentioned, because the only theory upon which that testimony could have been properly admitted would have been in support of a plea of waiver or estoppel, but none such was interposed. It results from these conclusions that the judgment of the trial court must be affirmed, and such has been our order.