## MACEDONIA BAPTIST CHURCH v. FARM & HOME SAVINGS & LOAN ASS'N.

### No. 12260.

Court of Civil Appeals of Texas. Dallas.

Oct. 16, 1937.

Rehearing Denied Nov. 27, 1937.

Crate Dalton and Lee R. Stroud, both of Dallas, for appellant.

Hamilton, Lipscomb & Wood, of Dallas, for appellee.

YOUNG, Justice.

Macedonia Baptist Church, a Baptist congregational association, duly incorporated for the maintenance of public worship, plaintiff below, brought this suit against appellee, Farm & Home Savings & Loan Association, in statutory trespass to try title and, in the alternative, to cancel various liens and deeds of trust covering real property located on Good street in the city of Dallas. From a judgment against the contentions of appellant, and confirming title thereto, in appellee, said Macedonia Baptist Church has duly perfected this appeal.

The agreed statement of facts discloses that the church became the owner of the realty in suit, in 1914, and prior thereto, as an unincorporated association. In 1923, said church incorporated as a religious body, the property in question being conveyed by the old association to seven named trustees of appellant church. In October, 1923, said church had a large membership of approximately 4,000, who were desirous of erecting on said property a church building for carrying on religious worship and, at a regular monthly meeting of the congregation, held on the premises, the church and members thereof authorized said trustees and the members of the building committee, by proper resolution, to borrow on said property sufficient funds to pay off and discharge an outstanding indebtedness by reason of the construction already begun and additional funds to complete a church building. These loan transactions were initiated by a loan of $18,000 from the Liberty State Bank to appellant. At successive periods, this initial loan was increased, renewed, and extended and finally merged into a loan of $52,800 from appellee, secured by a first lien deed of trust of date May 19, 1928, payable in monthly installments, executed by the individual trustees holding title to the property for the purpose generally of taking up and extending balances due on previous loans from appellee; all transactions being pursuant to authority of appellant church, its trustees, and a large majority of its membership. Appellant failing to pay certain installments of principal maturing on the $52,800 note, same was declared fully matured about January 30, 1931. The real property in suit was advertised thereunder and sold on the first Tuesday in June, 1931, to appellee, as the highest and best bidder, the amount of said sale, $25,000, being duly credited on the note.

This suit was filed by appellant in August, 1934, at which time its active membership was 126 in number, 122 of which were members of said church prior to foreclosure in June, 1931, the great majority of the church membership, since foreclosure, having reorganized as the Good Street Baptist Church and occupying the premises in suit under lease from appellee loan company. The said small group, active in this suit, now occupy a rented place of worship on Washington street, in Dallas, with a seating capacity of 200.

Above briefly reviews the transactions between the church corporation and the loan company before suit. It is undisputed that none of the instruments evidencing the various loans, set forth above, bore the seal of the church corporation, but that it transacted all of the business with reference to its building with appellee, and with other parties to the various loans, without using a seal, and engaged in a course of dealing and conduct and practice of not using a seal. Appellee pleaded general denial, not guilty, three-year statute of limitation (Vernon's Ann.Civ.St. art. 5507), estoppel, and waiver.

Contention on this appeal mainly revolves around the validity of the deed of trust of date May 19, 1928, under which foreclosure the title to the property passed to appellee, in that, such instrument and all the prior deeds of trust and mechanic's lien contracts merging into it, not bearing the seal of the church corporation, were void.

Article 1321, R.S., reads: "Corporations may borrow money on the credit of the corporation and may execute bonds or promissory notes therefor and may pledge the property and income of the corporation."

Articles 27 (7092) and 1322, R.S. (1925), the construction of which appellant relies on to sustain its contention, provide: "Art. 27. Each commissioner and each commission and each board which is or may be created by the laws of this State shall have authority to adopt a seal with which to attest its official documents, certificates or any official written paper of any kind. No private seal or scroll shall be required in this State on any written instrument except such as are made by corporations." "Art. 1322. Any corporation may convey lands by deed, sealed with the common seal of the corporation, and signed by the president or presiding member or trustee of said cor-

poration, or in common form without seal by its attorney in fact, where the instrument constituting such attorney in fact is executed in said manner first mentioned. Such deed, when acknowledged by such officer or attorney in fact to be the act of the corporation, or proved in the manner prescribed for other conveyances of lands, may be recorded in like manner and with the same effect as other deeds."

Is the deed of trust under which title passed to appellee such an instrument under article 27, R.S. above? Appellant cites Shropshire v. Behrens, 77 Tex. 275, 13 S.W. 1043, and William Cameron & Co. v. Trueheart (Tex.Civ.App.) 165 S.W. 58, 60, among other cases, as authority. Both of the above cases were decided prior to the codification of 1925, at a time when we had a title on seals and scrolls. Article 7092 (now article 27) provided: "No private seal or scroll shall be necessary to the validity of any contract, bond or conveyance, whether respecting real or personal property, or any other instrument of writing, whether official, judicial or private, except such as are made by corporations, nor shall the addition or omission of a seal or scroll in any way affect the force and effect of the same."

The Behrens Case, under the old statute last quoted above, involved an assignment for the benefit of creditors and was admittedly a conveyance of realty. Appellant concedes in its brief that the instruments under attack are not conveyances of realty. The Trueheart Case above also construes the old article 7092 (now article 27) with reference to conveyances of land by a corporation. A pertinent part of said opinion reads: "It is contended on the part of appellee that Terry never at any time became the owner of the lots, for the reason that the alleged deed from the land company to Norman, under which Terry claimed the lots, was not executed under the seal of the land company, and therefore never took effect as a conveyance of said lots. Shropshire v. Behrens, 77 Tex. 275, 13 S.W. 1043. But, though this be true, it was evidence of a contract to convey which under the facts of this case could have been specifically enforced. Miller v. Alexander, 8 Tex. 36, 43. It is true that our statute abolished the use of seals as to 'any contract, bond or conveyance' (R.S. art. 7092), except 'such as are made by corporations.' But this does not mean that all contracts made by corporations not under seal are void; if so, a bill of lading issued by a railroad company would be void. It means that the use of seals, where they were theretofore required, was abolished, except as to corporations. A seal was theretofore required to a deed to land (English v. Helms, 4 Tex. 228, 233), but not to a contract to convey land (Miller v. Alexander, supra; Holman v. Criswell, 13 Tex. 38, 45; Martin v. Weyman, 26 Tex. 460, 467)."

Conceding for the moment that, under old article 7092, R.S., corporations were required to place a seal on all instruments affecting realty, which the above cases cited by appellant do not decide, we must bear in mind that, when our civil statutes were codified in 1925, old article 7092 and the whole of title 121 were omitted, and thereby repealed. The only remnant of said statute now remaining appears as article 27, R.S., above quoted, and is to be construed in connection with articles 1321, 1322, also embodied in the codification, requiring deeds alone to bear the corporate seal, and that pledges of property need not. The deed of trust of date May 19, 1928, the construction of which is the controlling feature in this case, we conclude is simply an evidence of the loan transaction; that is, a mortgage within the terms of article 1321, and not a conveyance of land requiring a seal. Lockridge v. McCommon, 90 Tex. 234, 38 S.W. 33, and other cases cited in appellee's brief. Also see Millsaps v. Johnson (Tex.Civ. App.) 196 S.W. 202, 208, where a corporate assignment partly of realty was involved. We quote from this decision: "While under these authorities the attempted assignment is void as a conveyance under the statute, being a common-law mortgage, it is not void as such because of the failure of the corporation to authenticate it by the corporate seal."

We have reviewed appellants' authorities and searched independently for further construction of article 27, R.S., and find no law contrary to the conclusion above reached.

But it is pointed out by appellant that such deed of trust, in effect, created the trustee named therein an attorney in fact, to act for the corporation in conveying lands in suit, and inhibited by article 1322, R.S. We quote from their reply brief: "But this purported deed of trust is an agency or power of attorney authorizing or purporting to authorize the trustee to sell the property." Appellant has cited no authority in support of this proposition, nor do we think the article is fairly susceptible of any such construction.

1016

■ Appellee forcefully urges that, under article 1397, R.S., appellant religious corporation was prohibited from holding title to realty, same being vested in the individual trustees, hence a want of corporate seal to any of the said instruments constituted no vice or defect in its title or right of possession. Such trustees held title, of course, for the benefit of the members of the church corporation (Humphries v. Wiley [Tex.Civ.App.] 76 S.W.2d 793), and it may be that their execution of the instruments in question with recitals therein of authorization by the church, its governing board and its membership, are sufficient, without the corporation joining therein as such. But certain it is that, appellant church cannot be heard to say, long after a regular foreclosure and repossession, that instruments, solemnly authorized and intended as valid liens in their inception, are now wholly void, without a metallic seal, which this record fails to show that appellant church ever owned. Equity regards that as done which ought to have been done, and if a corporate seal was necessary upon said church incumbrances, which we do not hold, then, under the facts of this case, it will be regarded as having been placed thereon; "Justice must not be sacrificed upon the sharp edge of technicality."

■ For another reason we think appellee should be confirmed in its title. Appellant having enjoyed the use of appellee's money and of the improvement built with it, and having fully availed itself of the fruits of the loans made by appellee, entering into a contract for purchase of the property after foreclosure, and having subsequent thereto entered into a lease contract from appellee as lessor of the property, and having thereby authorized and confirmed title and right of possession in appellee, is in no position to question the validity of these liens. Bond v. Terrell Mfg. Co., 82 Tex. 309, 314, 18 S.W. 691; First Guaranty State Bank v. Liberty Nat. Bank (Tex.Civ.App.) 260 S.W. 660, 662; Itasca Roller Miller & Elevator Co. v. Wooten (Tex.Civ.App.) 246 S.W. 678, 679; Rio Grande Oil Co. v. Barker (Tex.Civ.App.) 257 S.W. 967.

We overrule all of appellant's assignments of error and affirm this cause.

Affirmed.

On Motion for Rehearing.

Appellant, in its motion for rehearing, complains that we found as a fact that,

since foreclosure, it reorganized as the Good Street Baptist Church; also as to the time when its membership was 126 in number. In absolute fairness to all parties, we quote from the agreed statement of facts, of date February 3, 1936, as we intended to make no findings not directly reflected in such agreement:

"That at the time the aforesaid encumbrances were created and at the time the property was foreclosed, there were 4,000 or more members of the plaintiff church; that the plaintiff church now is a small group of 126 active members, only 122 of whom were members of the plaintiff church prior to the time of foreclosure in June 1931, and the great majority of the membership of the plaintiff church are now members of the Good Street Baptist Church, organized since the foreclosure and now occupying the properties involved herein under a lease with the defendant. * * *"

With the above statement, all assignments contained in appellant's said motion, after full consideration, are overruled.

Overruled.