

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Architectural Examiners
Burt Building
Dallas, Texas

Gentlemen:　　　　　　　Attention:　Mr. Thos. D. Broad

　　　　　　　　　　　　　Opinion No. O-2263
　　　　　　　　　　　　　Re:　Use of rubber stamp by
　　　　　　　　　　　　　　　　architects as a seal.

　　　　This will acknowledge receipt of your letter of
April 19, 1940, requesting the opinion of this department
upon the following question:

　　　　"Requests have come to this Board from a
number of architects for permission to use a
rubber stamp on their plans in lieu of the im-
pression Seal which the Board has, to date, in-
structed them to use.

　　　　"The impression Seal cuts the drawings and
draws them out of shape making it difficult to
get clear blueprints.

　　　　"While the Law states in Section 10 that
'Every registered architect shall obtain and keep
a seal, such as is authorized, prescribed, and
approved by the Board of Architectural Examiners,'
---as a practical matter it would be wise to inter-
pret 'Seal' in this case to include a rubber stamp.
In your opinion, can this be done?"

　　　　Section 10 of Article 249a, Vernon's Annotated
Civil Statutes, reads as follows:

　　　　"Section 10.　Every registered architect
shall obtain and keep a seal, such as is author-
ized, prescribed, and approved by the Board of
Architectural Examiners, with which he or she
shall stamp all drawings or specifications issued
from his or her office for use in this State.

The design of the seal shall be the same as that
to be used by the Board of Architectural Examiners
as provided for in Section 3 of this Act, except
that it shall bear the words 'Registered Arch'tect,
State of Texas, instead of 'Texas Board of Arch-
tectural Examiners.'"

At common law, a "seal" was an impression on wax or
some other tenacious substance capable of receiving and re-
taining an impression. English v. Helms, 4 Tex. 228. Insofar
as private seals are used at all, the use of wax or other ad-
hesive substances has never been required in Texas; a mere
scroll with the word "seal" written on it is recognized as a
sufficient seal. Muckelroy v. Bethany, 23 Tex. 163; Fleming v.
Powell, 2 Tex. 225. The only requisite of a public seal is
that it contain enough to show its official character and that
it make a clear and distinctive impression. 24 R. C. L. 694.

It is to be noted that under Section 10 the seal to
be used by registered architects is to be authorized, pre-
scribed, and approved by the Board of Architectural Examiners.
The only qualification upon their administrative discretion is
that the design of the seal shall be the same as that used by
the Board itself except that it shall bear the words "Registered
Architect, State of Texas", instead of "Texas Board of Archi-
tectural Examiners". With this qualification we believe that
the form of the seal is entirely a matter within the adminis-
trative judgment of the State Board of Architectural Examiners,
and it may if it so desires allow architects to use a rubber
stamp on their plans in lieu of the impression seal which the
Board has heretofore instructed them to use.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 21, 1940

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By

   (s) Walter R. Koch
      Assistant

By

   (s) James D. Smullen

JDS:RS

APPROVED OPINION COMMITTEE
By B.W.B. Chairman